**OLDFIELD et ux. v. LESTER et al.**

No. 2649.

Court of Civil Appeals of Texas. Waco.

June 26, 1945.

Fitzpatrick & Dunnam, of Waco, for relators.

F. R. Valentine and W. E. Terrell, both of Waco, for respondents.

PER CURIAM.

This is an original application for writ of mandamus to require the trial judge to fix the amount of bond necessary to supersede a final judgment awarding the care and custody of a minor (a girl under three years of age) to the Methodist Home at Waco. The question presented for our consideration is the asserted right of the relators, as a matter of law, under the provisions of Rule 364, subdivision (e), Texas Rules of Civil Procedure, to have the court fix the amount of such bond in order that the relators may supersede said judgment and thereby have the care and custody of said minor pending the appeal of this case to this court on the merits.

Relators (husband and wife) brought this suit in the district court against Frances O. Campbell, mother of the minor (the Methodist Home was not a party to the original suit), and in their pleadings alleged substantially (a) that said minor was born to defendant while defendant was an inmate of a state insane asylum and that the father of the minor is to the plaintiffs unknown; (b) that the mother is an unfit person by reason of her conduct and mentality to have the care and cus-

tody of said minor, and that the best interests of the minor require that the mother be deprived of such care and custody; (c) that the minor was voluntarily placed in the relators' home in the month of January, 1944, at which time the minor was ill and undernourished and at which time the mother was unable to care for and give the minor proper medical treatment and nourishment and to clothe her and that such child has been continuously in relators' care, custody and control since January, 1944; (d) that relators have furnished the child such proper clothing and food and provided her with skilled medical treatment; (e) that they have formed an attachment for the child and that they stand in relationship of father and mother to the child and that the best interests of the child require that the mother be deprived of the custody and control and that they are proper persons to have such care and custody and they ask that the care and custody of such child be awarded to them; (f) they further allege that they desire to adopt said child as their legal heir; (g) that they appear as next friend of said minor and that they desire to change the name of the minor from Lloyd Burdine Allison to Mary Sue Oldfield and allege that said minor has been known as Mary Sue Oldfield since the date she was placed in their custody. They prayed that citation issue to defendant and that a suitable person be selected and ordered by this court "to investigate the former environment and antecedents of this child and the home and environment of these plaintiffs for the purpose of ascertaining whether said minor is a proper subject for adoption and that the home of these plaintiffs is a suitable home for said child and after such proper investigation thereof, for a hearing thereof and that judgment be rendered depriving said defendant, the said Frances Oleadth Campbell, of the custody and control of said minor and that judgment be rendered providing for the adoption of said child by these plaintiffs as provided by law and that the name of said minor be changed from Lloyd Burdine Allison to Mary Sue Oldfield and for such other and further orders as may be proper in the premises." The petition was verified by W. L. Oldfield.

The mother answered denying each of the allegations, and pertinent to this discussion she further alleged by cross-action substantially (a) that she was the mother of the minor and that the minor was placed in the possession of relators at a time when she was physically and financially unable to care properly for herself and the minor; (b) that she is now physically and financially able to care for and support the child; (c) that if the court be of the opinion that it would not be to the minor's best interests and welfare to have her placed in the mother's full custody and control at this time, then in such event she asked that the minor be removed from the possession and care of the relators and that such minor be placed in the Methodist Home or some public institution for minor children, and prayed for such relief.

The jury found substantially that the mother was unable to support the child; that she was an unfit person to have the care and custody of said child; that it was not to the best interests of the minor to award her care and custody to relators, nor for them to adopt her; and that the best interests of the minor would be best subserved by awarding her care and custody to some institution selected by the court. The court adopted the findings of the jury as its judgment, and in addition thereto found substantially that the minor was a dependent and neglected child and that it was for the best interests of said child that it be placed in some suitable institution for its maintenance where it could be visited by its mother, and that it was not to the best interests of said minor child for it to be adopted by relators. The court accordingly awarded the care and custody of the child to the Methodist Home at Waco to await its further orders, and further decreed that relators immediately deliver the minor to the Probation Officer of this county in order that such officer might deliver the child to the authorities of said Home. The court overruled relators' motion for judgment non obstante veredicto, also motion for new trial, and also their motion to fix supersedeas bond.

Do the pleadings of the parties and the judgment of the court bring the minor under the provisions of the statute defining dependent or neglected children? We think so. Article 2330, Revised Civil Statutes, defines a dependent or neglected child and provides in part as follows: "The term 'dependent child' or 'neglected child' includes any child under sixteen years of age who is dependent upon the public for support or who is destitute, homeless or abandoned; or who has not proper parental care or guardianship * * *." Under

the allegations of relators in the court below said minor does not have "proper parental care or guardianship" and they ask that the mother "be deprived of the custody and control of said minor and that the care, custody and control of said minor be awarded to these plaintiffs, and that this court enter its proper order and judgment authorizing these plaintiffs to adopt the said Lloyd Burdine Allison as their own child and that she shall hereafter be held deemed for every purpose the child of these plaintiffs by adoption as fully as though born to these plaintiffs in lawful wedlock." The Adoption Statute, Article 46a, Title 3, Vernon's Revised Annotated Civil Statutes (also the statute with reference to dependent and neglected children, Art. 2331, R.C.S.) requires that a petition with reference to a minor child be verified by the affidavit of the petitioner. Article 10, sec. 8, Revised Civil Statutes, governs the construction of, civil statutory enactments, and it provides in part as follows: " * * * but the said statutes shall constitute the law of this State respecting the subjects to which they relate; and the provisions thereof shall be liberally construed with a view to effect their objects and to promote justice."

It is the view of our Supreme Court that our statutes with reference to children should be construed liberally except insofar as they purport to restrain the liberty of the child and that in such cases they should be strictly construed. Dendy v. Wilson, 142 Tex. 460, 179 S.W.2d 269, point page 271, 151 A.L.R. 1217. The court, referring to the Juvenile Act, said in part: "It is quite clear that the Legislature intended by this Act to radically change the law relating to minors. It specifically states that the Act shall be liberally construed to accomplish the purposes sought therein. We think from the language used that the Legislature made it plain that the juvenile courts are invested with exclusive original jurisdiction over children within the age limits, prescribed by the law." Dendy v. Wilson, supra, page 273, 179 S.W.2d at page 273, point 5. It is true that the court in the above case was dealing with a delinquent child, but it is clear that the court had in mind the general rule applicable to the entire Act. Moreover, our Supreme Court in the recent case of De Witt v. Brooks, 182 S.W.2d 687, in considering a case arising under the statutes relating to dependent and neglected children, prior to the amendment of the Acts of the 48th Legislature in 1943, Vernon's Ann.Civ.St. Art. 2338—1, supra, and the Adoption Statute, supra, expressly held that the public policy of this State with respect to the custody of dependent and neglected children had been changed by the Legislature. See 182 S.W.2d at page 694, point 11.

■ The district court has jurisdiction of adoption proceedings (see Title 3, Article 46a and section 1 thereof, Vernon's R.C.S., as enacted in 1931). Section 6 of said Article as amended in 1937 provides in part: " * * * no adoption shall be permitted except with the written consent of the living parents of the child; provided, however, that if a living parent or parents shall voluntarily abandon and desert a child sought to be adopted, for a period of two (2) years, and shall have left such child to the care, custody, control and management of other persons, and such parent or parents so abandoning and deserting such child shall not have contributed to the support of such child during such period of two (2) years, then in such event it shall not be necessary to obtain the written consent of the living parent or parents in such default, and in such cases adoption shall be permitted on the written consent of the Judge of the Juvenile Court of the county of such child's residence, or if there be no Juvenile Court, then on the written consent of the Judge of the County Court of the county of such child's residence * * *." Here the parent was objecting to the adoption by relators and was asserting her fitness to have the custody of her child. Relators had had voluntary possession of the minor for only sixteen months. Therefore, it is clear to us that relators, in no event, could be entitled to any relief from the court whose aid they had sought unless such court should find that such child was dependent and neglected as defined in Article 2330, supra, and that the best interests of the child required that the care and custody of the parent of the child be terminated. Since the district court only has original jurisdiction in all proceedings where it is sought to have a child adjudged to be a dependent or neglected child (see sec. 24-A, Art. 2338—1, Vernon's Ann.Rev.Civ.St.) and since relators in the court below brought this suit for the express purpose of depriving the mother of the care and custody of her child and for the further

express purpose of having relators adjudged by the court to be the proper persons to have the care and custody of said child and for permission to adopt the same, and since under the issue here presented such finding by the court and decree duly entered thereon would be a prerequisite before the parent of the minor could be legally deprived of the care and custody of her child or before relators could adopt the same, it is clear to us that relators did invoke the jurisdiction of the district court as to dependent and neglected children under the provisions of Title 43, Article 2330, R.C.S., supra.

■ It is relators' contention that they are entitled to supersede the final judgment of the trial court under the express provisions of Subdivision (e), Rule 364, Texas Rules of Civil Procedure, and they rely upon the rule announced by this court in Lawler v. Ray, Tex.Civ.App., 8 S.W.2d 524, and cases therein cited, and also Ex parte Wrather, 139 Tex. 47, 161 S.W.2d 774, Lanford v. Bishop, Tex.Civ.App., 184 S.W.2d 502, and Jennings v. Berry, Tex. Civ.App., 153 S.W.2d 725. The respondents concede that relators would be entitled to supersede the final judgment of the trial court but for the provisions of Article 2338—1, supra. After a careful consideration of the foregoing authorities and the entire Juvenile Act and Adoption Statute, it is our view that relators are not entitled to supersede the trial court's judgment as a matter of law. In considering this matter we have carefully considered the history of the legislation and rules of civil procedure here involved, as well as the rules announced by our Supreme Court. Our statutes with reference to Juvenile courts and dependent and neglected children were first enacted by our Legislature in 1907. See Title 43, Arts. 2329–2337 inclusive. They were thereafter amended by the Acts of 1913 and brought forward into the 1925 codification and thereafter further amended in 1941, Vernon's Ann.Civ.St. Art. 2338, and again by our 48th Legislature in 1943, Chapter 204, page 313, Vernon's Ann.Civ.St. 2338—1.

The question presented by relators' application is whether or not Section 21 of Article 2338—1 of the 1943 Act engrafted an exception to Subdivision (e) of Rule 364, T. R. C. P. We think it does. Section 21 provides: "An appeal may be taken by any party aggrieved to the Court of Civil Appeals, and the case may be carried to the Supreme Court by writ of error or upon certificate, as in other civil cases. Written notice of appeal shall be filed with the Juvenile Court within five (5) days after the entering of the order. An appeal, in the case of a child, shall not suspend the order of the Juvenile Court, nor shall it discharge the child from the custody of that court or of the person, institution or agency to whose care such child shall have been committed, unless that court shall so order. However, the appellate court may provide for a recognizance bond. If the appellate court does not dismiss the proceedings and discharge the child it shall affirm or modify the order of the Juvenile Court and remand the child to the jurisdiction of the Juvenile Court for supervision and care, and thereafter the child shall be and remain under the jurisdiction of the Juvenile Court in the same manner as if such court had made said order without an appeal having been taken." The Title to the 1943 Act provides in part: "An Act the purpose of which is to change the method for handling delinquent children from the present criminal procedure to guardianship in order to secure for each child coming within the Act such care, guidance and control as will serve the child's welfare and the best interest of the state; providing for a Juvenile Court in each county of the state in the County or District Courts already established; defining certain terms; providing for the procedure in cases of delinquent children; * * * re-enacting that portion of Article 2329, Revised Civil Statutes, 1925, dealing with dependent and neglected children; repealing clause; and declaring an emergency, and effective date to be sixty days after enactment." The Legislature, in significantly broad language, has provided in Sections 1 and 2 of Article 2338—1, Acts of 1943, Vernon's Ann.Civ.St. as follows:

"Section 1. The purpose of this Act is to secure for each child under its jurisdiction such care, guidance and control, preferably in his own home, as will serve the child's welfare and the best interest of the state; and when such child is removed from his own family, to secure for him custody, care and discipline as nearly as possible equivalent to that which should have been given him by his parents.

"The principle is hereby recognized that children under the jurisdiction of the court are wards of the state, subject to the

discipline and entitled to the protection of the state, which may intervene to safeguard them from neglect or injury and to enforce the legal obligations due to them and from them.

"Section 2. This Act shall be liberally construed to accomplish the purpose herein sought."

Article 2329, Revised Civil Statutes, hereinbefore referred to, provided in part as follows: " * * * The district court only shall have original jurisdiction in all proceedings wherein it is sought to have a child adjudged to be a dependent or neglected child, and its findings in such cases shall be entered in a book kept for that purpose to be known as the 'Juvenile Record.' "

Moreover, the Acts of 1943, referred to above, incorporated Article 2337, R.C.S., and in addition thereto further provided in part: " * * * It is further provided that the Juvenile Court in which the child has been adjudged dependent or neglected, may, after giving the parent or other responsible person a reasonable opportunity to be heard, adjudge that such parent or other responsible person shall pay in the manner directed by the Court such sum as will in whole or in part support such child whether or not the child is committed to the custody of his own parent or guardian, or whether to any other person, agency, or institution. The Court shall have full power to enforce said judgments for support by civil contempt proceedings after ten (10) days notice to such parent, guardian or other person responsible for the care and support of the child, of his or her, or of their failure or refusal to carry out the terms of such an order for support. *The Court shall have power and authority to alter or change such judgments, or suspend the same, as the facts and circumstances and justice may require, upon notice to such parent as above provided for.*" Viewing the entire Juvenile Act as a whole and bearing in mind the rules of construction imposed upon us by our statutes and by our Supreme Court, we think the provisions of Section 21 of Article 2338—1, supra, is applicable to cases involving dependent and neglected children. Section 24-A of said Article provides: "This Act shall in no wise alter or affect existing laws with reference to dependent or neglected children as that term is defined by Article 2330, Revised Civil Statutes 1925, and the District Court only shall have original jurisdiction in all pro-

ceedings wherein it is sought to have a child adjudged to be a dependent or neglected child, and its findings in such cases shall be entered in a book kept for that purpose to be known as 'Juvenile Record.' " Bearing in mind the enabling act wherein it specifically re-enacted a part of Article 2329, R.C.S., hereinabove referred to, and the provisions of the Act which adopted all of Article 2337 and amended the same· as hereinabove set out, and Section 24-A of Article 2338—1 above quoted, we think the Legislature has again changed the public policy of the State with reference to the custody of dependent and neglected children and has engrafted an exception to Subdivision (e) of Rule 364 aforesaid, and that the district court had the right to enter an order refusing to suspend the judgment in this appeal. See Hallum v. Texas Liquor Control Board, Tex.Civ.App., 166 S.W.2d 175, error refused.

Accordingly, relators' application for relief is denied.