## FLEMING v. HONEYCUTT et al.
### No. 6308.

Court of Civil Appeals of Texas. Texarkana.

Oct. 16, 1947.

Rehearing Denied Oct. 23, 1947.

Jones & Jones, of Mineola, for appellant.
W. W. Harris, of Quitman, for appellees.

HARVEY, Justice.

This is a habeas corpus proceeding with a prayer for injunctive relief filed by appellant to regain custody of his two minor children, Ben and Martha Fleming, whose

138

ages were six and four years, respectively, at the time of filing the suit, from their maternal grandparents, appellees herein. From a judgment of the trial court awarding the custody of these children to their grandparents, an appeal has been perfected to this court by Otis Fleming, their father.

There is little conflict in the evidence in the record with respect to the material facts involved. Otis Fleming married Betty Honeycutt in 1938, and as issue of this marriage Ben, a boy, was born in 1941, and Martha, a girl, was born in 1943. The mother died November 9, 1945. For a number of months prior to her death Mrs. Fleming was in ill health and her mother, Mrs. B. L. Honeycutt, kept the little girl most of the time during the mother's illness, as well as prior thereto, and assisted in caring for both children and their mother. After the death of Mrs. Fleming, Otis Fleming agreed that the grandparents should retain the custody of the children and that in the future he would not seek to regain their custody. About 14 months later, in January, 1947, the petition for writ of habeas corpus was filed by Fleming.

The points presented by appellant all deal with the one proposition that since the trial court found that the appellant "is a steady, dependable man, of good character and reputation and that he is not personally unfit to have custody of his children," as a matter of law he was entitled to their possession, and it was error on the part of the court not to award the custody of his minor children to him. A wholesome feature to be noted in this record is that there was no attack made by either party against the other as to fitness or suitability to care for the children and no issue in that particular was raised in the trial court.

In his findings of fact, the trial judge found that the appellant and appellees alike were people of good reputation and not disqualified to assume the care and custody of the children. If the record should end here and if no further issues were involved, we would agree that appellant's point to the effect that in a contest over child custody between the natural parent or parents, and some other person and

the evidence showed that all the parties were suitable for assuming the responsibility of rearing the children involved, as a matter of law the parent or parents would have a paramount right and would be entitled to the custody of the minors. This rule of law, both human and divine, cannot be questioned and is founded upon sound principles of right, justice, common sense, and parental consideration. Wood v. Deaton, 93 Tex. 243, 54 S.W. 901; Carouthers v. Dowdell, Tex.Civ.App., 168 S.W. 2. Out of a wealth of decisions dealing with child custody cases, of which, alas, there are all too many, certain principles have been formulated. One of these is that the law recognizes the superior natural right of a parent to the custody and control of his child, which right, however, is not an absolute one but one which under some circumstances is subject to judicial review; Davis v Sears, Tex.Com.App., 35 S.W.2d 99; another is, that in all cases involving the custody of children the ultimate issue for the court to determine in providing for their care and up-bringing is what would best subserve the welfare and best interest of the minors concerned; De Witt v. Brooks, 143 Tex. 122, 182 S.W.2d 687; Hall v. Whipple, Tex.Civ.App., 145 S.W. 308; further, the action of the trial judge in awarding the custody of the children is in a very great measure discretionary. However, this discretionary power is not absolute and cannot be exercised capriciously or arbitrarily; still, the trial court's judgment will not be disturbed when reviewed upon appeal if there is substantial evidence in support of his action; Wood v. Deaton, supra. We venture the opinion that few trial judges welcome assuming the duty of disposing of children in cases of this nature. Such a duty entails great responsibility and ofttimes taxes the most serious thought of the earnest, sincere judge who is ever concerned, we are sure, with doing what is for the best interests of the ones involved.

In the instant case, the trial judge did not stop with the finding that all of the parties were suitable for the custody of the children; but in addition found that the father voluntarily parted with them and agreed with appellees that he would never

take the children from them; that the home in which they are now being cared for is close to a school in the city of Mineola, Texas, and is ample for their needs and is as good a home as could be desired; that appellees regularly take the children to church and Sunday school and all the surroundings are very wholesome; that they have had charge of the younger child practically all of the time since she was born. A number of other facts are enumerated which it is not necessary to detail. On the other hand, the court found that although Otis Fleming is not disqualified personally to assume the task of rearing his children, by reason of other facts and circumstances it is not for the best interest of the children to be taken from the custody of the grandparents with whom they are so happily living; that he voluntarily placed them in the custody of their grandparents, creating a new status and environment for them; that the place to which he proposes to carry them, if awarded their custody, is an apartment over a grocery store about three miles from town; that he works at night and sleeps in the daytime, and has some sort of an indefinite agreement for a housekeeper, who has seen the children but once or twice, to keep house for him. Under these facts, along with others appearing in the record, the court concluded that it would be "against the best interest of the children and detrimental to their welfare" to disturb their present custody.

After careful and serious study of the facts reflected by the record, and in view of the trial judge's findings with respect thereto, we are of the opinion that the disposition made with respect to the custody of the minors in this case was correct. While recognizing the inherent and paramount right of the natural parent in cases where no disqualifications of the contesting parties exist, and other things are equal, the trial court correctly applied the law as announced in practically all of the adjudicated cases that where it is sought to effect a change in the status of a minor, the burden is on the one seeking to make such a change to show that it would be for the best interests of the child or children to transfer their custody. Although personal characteristics alone might not disqualify Fleming to assume the care and control of the children in question, still there are circumstances, including the lack of a proper place and environment to which he could carry them, which render him unsuitable in that sense to take them from the pleasant wholesome surroundings in which they are living and carry them to a different place which is not calculated to further their best interests and be for their ultimate good.

The judgment of the trial court is affirmed.