**KING v. SHRUM et ux.**

**No. 6610.**

Court of Civil Appeals of Texas.
Texarkana.

Dec. 6, 1951.

Rehearing Denied Jan. 10, 1952.

Florence & Florence, Gilmer, for appellant.

Mat Davis, Gilmer, for appellees.

WILLIAMS, Justice.

In a hearing upon the petition or application of Arthur M. Shrum and wife for the adoption of Billy Gene King, a minor, in which Billy Tom King, the father, contested same, the trial court concluded:

(1) That petitioners' allegation of abandonment is not supported by the evidence to the extent required by law to permit the adoption without the written consent of the father and that the application to adopt said minor be denied.

(2) "That the allegations of petitioner with respect to said Billy Gene King being a neglected and dependent child, within the meaning of the statutes upon that subject are sufficient to give the court jurisdiction and that such allegations are supported by the evidence."

(3) "That the best interests and welfare of the said Billy Gene King, will be best served if he is given into the care, custody and control of his maternal grandparents, and that said grandparents are suitable and proper persons to have the care, custody and control of said child and that under the allegations and proof this court has jurisdiction and it is the duty of the court to

provide for the care, custody and control and support of said child."

Visitation rights between father and son are detailed in the decree and the father is required to contribute a stipulated amount monthly. for the child's support subject to any subsequent changes as the court might decree.

Petitioners excepted to that part of the decree which denied the application for adoption. The father excepted to that portion which awarded the care and custody of the child to the petitioners. Separate appeals have been perfected. As the attack upon the court's refusal to grant the application for adoption has been in effect abandoned after perfecting their appeal, the father will herein be designated as appellant and petitioners as appellees.

Appellant and Mildred Shrum, the daughter of appellees, married in April, 1942. To this union Billy Gene King, their only child, was born in April, 1945. In 1946, he sued for divorce and in November, 1946, a divorce was granted defendant on her cross-action and custody of this child awarded to her. After suffering over a long period of time from a recurring brain tumor, the mother died June 28, 1950. The mother, on June 8, 1950, during her last illness executed an agreement and request that appellees, her parents, adopt the child, and on this date this application was filed. Appellant, a member of the United States Army, was then stationed in Europe. Upon a plea of amicus curiae being filed which set up that the child was not a neglected and dependent child and that the father had not been served with process, the hearing was continued from time to time. During this period the court entered an order placing the temporary care and control of the child in appellees.

The child was born in appellees' home. The mother died there. With the exception of a few months, this child has lived with and in the home of appellees near Gilmer, Texas. Appellees and this child occupy this home. Their children, now grown, live elsewhere. Mr. Shrum was then and has been employed with the Production Market Administration and associated agencies for fourteen years. No attack is made to the testimony that appellees are in good health, of good morals and character, and the relations between them and the child such as love, care and understanding that should exist between parents and child are good.

After approximately eight years' service in the United States Army, appellant was discharged in February, 1948. In December, 1949, he re-enlisted in this service with his intent to make this military service his life's career. At the time of above marriage, the birth of this child, and on the date of the divorce decree, appellant was a member of the United States Army. At the time the petition for adoption was filed in June, 1950, and for some time prior thereto, appellant was stationed with the United States occupation forces in Vienna, Austria. Such place was his station at the time of the present hearing, but he was subject to a change of his present location under military orders which could and might be issued. Other evidence dealt with favorable housing accommodations and excellent school facilities that had been established near a post in Vienna for the benefit of the armed forces and families which this child could enjoy there. Appellant has married again. His present wife is making her home with appellant's mother near Gilmer, Texas. Appellant's mother and appellees are on friendly terms. No attack was made upon appellant other than of his alleged neglect and alleged failure to provide for the child and his alleged failure to show any special interest in the child between the time he was discharged from the army and his re-enlistment, together with alleged failure to list the child as a dependent when he re-enlisted in the army.

From the decree entered, it is to be inferred that the trial court concluded from all the evidence that the best interest of this child would be better served for the child to remain with the maternal grandparents in an established home where love and understanding existed than to place the child in a new and migratory atmosphere, with the probability of changes from time to time and under the parental care of those who might be termed strangers to the

child. The first was a proved and established fact. The latter was speculative and uncertain. One was permanency; the other perhaps transitory. The decree entered which supports the first mentioned view is sustained, under the principle that the best interests of the child is the paramount issue in a cause as here. Robinson v. Wampler, Tex.Civ.App., 202 S.W.2d 500, and authorities there cited; Fleming v. Honeycutt, Tex.Civ.App., 205 S.W.2d 137; Oldfield v. Lester, Tex.Civ.App., 188 S.W.2d 722; DeWitt v. Brooks, 143 Tex. 122, 182 S.W.2d 687; Articles 2330, 2335, Vernon's Tex.Ann.Civ.St.

In view of the unnecessary filing of duplicate transcripts, one-half of the costs for the two transcripts is taxed against appellant and the other half against appellees. All other costs are taxed against appellant.

The judgment is affirmed.