Barbara Horton REID et vir, Appellants,

v.

Bobby Donald HORTON, Appellee.

No. 6440.

Court of Civil Appeals of Texas.

Amarillo.

Nov. 1, 1954.

Rehearing Denied Nov. 29, 1954.

· Adkins, Folley, Adkins, McConnell & Hankins, Amarillo, for appellants.

Ratliff, Conner & Walker, Spur, for appellee.

## NORTHCUTT, Justice.

This is a child custody case. The trial was to the court without a jury. Bobby Donald Horton and Barbara Horton Reid were formerly man and wife but were divorced and each of them have re-married. Barbara Horton married Jack E. Reid who has joined her in this suit but we will refer only to Mrs. Reid as appellant, as she is the real party at interest. Bobby Donald Horton, appellee, and Barbara Horton Reid, appellant are the parents of Stephen James Horton, the child here in question. Stephen Horton was born September 21, 1949. Appellant testified that appellee had deserted her prior to the birth of the child and that she had returned to the home of her parents in Mineral Wells, Texas, where the said child was born. She remained with her parents about six months after the child was born and then she went to her husband, the appellee, and lived with him at Midland, Texas, for nearly a month and at that time returned with the child to Spur, Texas, to the home of Mr. and Mrs. Scudder. Mrs. Scudder is the mother of appellee and Mr. Scudder is appellee's step-father. Appellant and the child in question went to the Scudder home sometime during the spring of 1950. The exact time not being shown, but said child was left by appellant with the Scudders where it has remained until the present time.

On September 6, 1951, appellee was granted a divorce from appellant by the 37th District Court in San Antonio, Texas, and the custody of Stephen James Horton was awarded to appellee. At the time of this divorce, the child in question was in the custody of Mr. and Mrs. Scudder where it has remained at all times since it was left there by the appellant in the spring of 1950 when it was some seven or eight months of age. This suit was brought to modify the judgment entered by the San Antonio court seeking to have the care, custody and control of said child awarded to appellant. Appellee answered herein but did not appear and testify.

Upon final hearing of this cause, the trial court entered its judgment decreeing that the petition of Barbara Horton Reid and her husband be denied and refused. In the petition filed in the San Antonio court where Bobby Horton sued Barbara Horton for divorce and custody of the child, it is alleged that said minor child was residing with Mr. and Mrs. Scudder but he asks for the custody of the child but that the child be permitted to remain with the Scudders. Judgment was entered by the San Antonio court granting Bobby Horton a divorce from Barbara Horton and granted Bobby Horton the custody of the minor child here in question but nothing was decreed as to permitting the child to remain with the Scudders.

On the trial of this case at bar, the trial court found and adjudged that neither the appellant nor the appellee were proper persons to be awarded the care, control and custody of said minor child, Stephen Horton. The trial court further found:

"And it also appearing to the Court that it was within the contemplation of the District Court of Bexar County, Texas, when it made and entered its order and judgment of September 6th, 1951 in said Cause No. F-66674, styled Bobby Donald Horton Vs. Barbara Horton, that the actual physical custody of said minor child, Stephen Horton, be placed with his paternal grandmother, Mrs. C. P. Scudder, in whose home he was then residing and in whose home he has continuously resided since said order and judgment; and further, that it would now be very detrimental to the physical welfare and best interest of

said minor child, Stephen Horton, for him to be taken from the custody, care and control of his paternal grandmother, Mrs. C. P. Scudder, and that it would now be for the best interest and welfare of said minor child, Stephen Horton, for him to be placed in the care, control and custody of his paternal grandmother, Mrs. C. P. Scudder, and that the said Mrs. C. P. Scudder is willing to and has consented in open court to accept the care, control and custody of said minor child, Stephen Horton:"

The trial court after making these findings decreed that the minor child, Stephen Horton, be and was placed in the care, control and custody of Mrs. C. P. Scudder of Spur, Dickens County, Texas, with the right of both appellant and appellee to visit said minor at reasonable times and under the supervision of Mrs. Scudder. Appellee did not except to said judgment and did not appeal therefrom and the same became final as to him.

■ From the judgment of the trial court, appellant has perfected this appeal. Although it was requested in the petition upon which the divorce was granted by the San Antonio court that the child in question be permitted to remain with Mr. and Mrs. Scudder, where it was and has remained at all times pertinent to both suits, and the trial court herein found that it was in the contemplation of the San Antonio court that the actual physical custody of said child in question be placed with his grandmother, Mrs. Scudder, Mr. and Mrs. Scudder were never made parties to this cause of action and neither did they intervene. However, it has been held that pleadings are of little importance in child custody cases and the trial court's efforts to exercise broad, equitable powers in determining what will be best for the future welfare of a child should be unhampered by narrow, technical rulings. Ross v. Orr, Tex.Civ.App., 214 S.W.2d 150. Since the question as to whether they should have been made parties has not been questioned by either party and is not raised in this appeal, it will not be considered further in this opinion.

Appellant presents this appeal upon three assignments of error. The first and third assignments of error are as follows:

"First Point

"The Trial Court's Finding That There Has Been No Material Change In Circumstances and Conditions Since the Rendition of The Original Divorce Decree Is Not Only Contrary to The Overwhelming Preponderance of the Evidence, but Is Unsupported By Any Evidence."

"Third Point

"The Trial Court Abused Its Discretion In Taking The Care, Custody and Control of The Minor Child From Appellant, The Mother, and Placing it In The Grandparent Because the Evidence Was Not of the Nature Required By Law To Overcome The Legal Presumption That The Welfare and Best Interests of The Child Would Be Subserved By Awarding Its Custody To Its Mother."

■ In considering just what is to be considered as a material change in circumstances and conditions as complained of by the appellant the entire record should be looked to. It is not sufficient that the conditions of appellant alone have changed. The conditions existing as to this child are excellent and have always been so since he has been with the Scudders. In the case of Wade v. Shaughnessy, Tex.Civ.App., 231 S.W.2d 494, 496, in which a writ of error was refused by the Supreme Court, it is stated:

"The primary consideration in all child custody cases is the best interest of the child itself. It is thought that no one is in better position to correctly pass upon this question than the trial judge who has the opportunity to see the witnesses and parties to the law suit, to hear their testimony and to observe their appearance, manner and demeanor. For this reason, a broad discretion is vested in the trial court in custody matters which will not be

disturbed except in clear cases of abuse."

The record in this case shows without dispute that both the appellant and appellee left the complete responsibility of the child in question with Mr. and Mrs. Scudder. It is true the appellant tried to excuse her action in leaving the infant with the Scudders on the ground that she was only able to earn from $150 to $165 per month and could not care for said child. There is no showing in this record that she could not secure employment in Spur where she was leaving her child but she did leave her $165 per month job and go further from her child. Appellant does not even contend that the child has not had the proper care and treatment ever since it has been in the home of the Scudders but, on the contrary, she testified as follows:

"Q. Mrs. Reid, during the time that Steve has been with the Scudder family there in Spur, is it your testimony that he has been—he has had the best of care and attention, love and kindness and things of that nature? A. He has had wonderful care and attention.

"Q. You don't contend that he is not in a suitable home? A. No, quite the contrary.

"Q. You think that his surroundings and circumstances under which he is being cared for since he has been in the Scudder home has been excellent? A. Very.

"Q. You are not telling this Court are you that the conditions under which he has been cared for since September, 1951, have changed in any way, shape, form or fashion, are you? A. No, I am not.

"Q. If anything they have been improved all along, isn't that true? A. Well, I don't know.

"Q. As the time went on and he became more attached to Mr. and Mrs. Scudder and things of that nature? A. Well, it has been excellent and how can you improve on excellence.

"Q. And as far as you know you know that his physical care has been good and he has been furnished with proper medical attention and things of that nature? A. Yes, sir.

"Q. They carry him to Sunday School every Sunday? A. Yes, sir.

"Q. At the First Baptist Church down here at Spur? A. That is right.

"Q. They have an excellent home down there? A. Yes, they do.

"Q. A brand new home as a matter of fact? A. Yes.

"Q. And they have cared for all his physical needs and spiritual needs and medical needs ever since they have had him, haven't they? A. Yes, sir.

"Q. You don't contend otherwise do you? A. No, I don't.

"Q. As a matter of fact as far as that boy is concerned he couldn't have better surroundings than he has down there now? A. That is why I left him with them when I was broke and couldn't keep him.

"Q. That has been true ever since he has been in their home, hasn't it? A. That is right."

■■. The only change in circumstances and conditions that the appellant attempted to show was that she had married again and was living on the third story of an apartment house where she had a nice place to live and that she and her husband were making sufficient funds to support the child and care for its needs and they wanted the child. It was admitted by appellant's husband that he and his former wife are still contending in court about the alimony and custody of their daughter. There is nothing definite as to what the true conditions might be if the child was placed with the appellant. As a general rule, parents have a natural and legal right to custody of their minor child. This right, however, is merely a prima facie and not an absolute right nor is it a property right. In any dispute as to the custody of a child, the prime considera-

tions are the welfare and best interests of the child and although the legal and natural claim of the parents to custody should never be disregarded as an influential factor but such right must yield where the child's welfare requires that its custody be given to others. In the case of Ross v. Orr, Tex. Civ.App., 214 S.W.2d 150, at page 153, it is stated:

"Surely the reasons for the exercise of judicial control are just as cogent in this situation as where there has been a voluntary relinquishment of custody evidenced by a written instrument. Those reasons are aptly stated in Dunn v. Jackson, Tex.Com.App., 231 S.W. 351, 353. They are that where a parent has surrendered his natural right to custody to a third person 'who performs · the duties incumbent upon him as the natural guardian, a new condition is created which inures to the benefit of the child. The law does not prohibit such a transfer by the parent, but, on the contrary, allows the child to reap the benefit therefrom, and upon a habeas corpus proceeding by the parent to regain custody of the child the paramount interest of the child becomes the dominant issue. Legate v. Legate, 87 Tex. 248, 28 S.W. 281.' "

We are of the opinion the correct principle was stated by the court in the case of Pearson v. Pearson, Tex.Civ.App., 195 S.W.2d 188, at page 193, where it is stated:

"Frequent hearings as to the custody of minor children of divorced parents should be frowned upon by courts and are not to be encouraged. A judgment as to such custody is res judicata as to the best interests of the children and such judgment should not be modified except upon a showing of changed conditions since the judgment, requiring, in the best interests of such children, that the custody be changed. The burden of proof is upon the party seeking such change to allege, offer proof and secure an affirmative finding from the trier of facts that conditions have so changed since the prior adjudication as to require a change of custody."

It would not be fair to this child that has absolutely no say as to its preference and certainly not required to tear it away from those who have loved and cared for it and the ones it knows and loves and take it from an excellent home and surroundings, *"How can you improve on excellence"* (emphasis ours), and place it in a far away place with those that are practically strangers and under conditions yet untested. This case being tried to the trial judge, his judgment as to the custody of this child will not be disturbed on appeal unless the award is so contrary to the greater preponderance of the evidence as to show that there was an abuse of discretion. Cooksey v. Perkins, Tex.Civ.App., 263 S.W. 2d 952. See also the case of King v. Shrum, Tex.Civ.App., 244 S.W.2d 720, 721, where it is said:

"From the decree entered, it is to be inferred that the trial court concluded from all the evidence that the best interest of this child would be better served for the child to remain with the maternal grandparents in an established home where love and understanding existed than to place the child in a new and migratory atmosphere, with the probability of changes from time to time and under the parental care of those who might be termed strangers to the child. The first was a proved and established fact. The latter was speculative and uncertain. One was permanency; the other perhaps transitory. The decree entered which supports the first mentioned view is sustained, under the principle that the best interests of the child is the paramount issue in a cause as here. Robinson v. Wampler, Tex.Civ.App., 202 S.W.2d 500, and authorities there cited; Fleming v. Honeycutt, Tex.Civ.App., 205 S.W.2d 137; Oldfield v. Lester, Tex. Civ.App., 188 S.W.2d 722; DeWitt v. Brooks, 143 Tex. 122, 182 S.W.2d 687; Articles 2330, 2335, Vernon's Tex.Ann. Civ.St."

■ We hold that there was sufficient evidence to sustain the action of the trial court in this case and that the proper disposition was made as to the custody of Stephen Horton. Appellant's first and third points of error are overruled.

■ By appellant's second point of error, she complains of the action of the trial court in holding that appellant was not a proper person to be awarded the care, control and custody of the child in question because such holding was not only contrary to the overwhelming preponderance of the evidence but was wholly unsupported by any evidence. It is not necessary for the trial court to base its findings upon the testimony of Mr. Scudder as to a conversation had with appellant as to her former moral conduct but that testimony might be considered along with the other testimony of appellant leaving and at times not, in any way, contacting the parties having the child in question. Appellant testified the child was born with asthma yet she did not stay close to said child to see what its needs were but left her helpless baby to the complete care of others. We are of the opinion that there was sufficient evidence to support the findings of the trial court that the appellant was not a proper person to be awarded the care, control and custody of the child. We may expect a person to act in the future as he has acted in the past. Appellant has neglected her child in the past. Mrs. Scudder has loved, cared for, and protected the child in the past. We overrule appellant's second point of error.

Believing that the trial court has made the proper order as to the child in question, the judgment of the trial court is affirmed.