Alfonso DANACHE, Appellant,

v.

Guadalupe Najar DANACHE, Appellee.

No. 3407.

Court of Civil Appeals of Texas.

Waco.

Dec. 6, 1956.

Garcia & Warburton, Brownsville, Alfonso A. Guerra, McAllen, Joe V. Alamia, Edinburg, for appellant.

J. M. Fly, Victoria, Harry D. Lewis, Brownsville, for appellee.

McDONALD, Chief Justice.

This is a divorce case. Parties will be referred to as in the Trial Court. Plaintiff Alfonso Danache filed suit against his wife Guadalupe Danache, defendant, alleging cruel treatment and specific grounds of misconduct and infidelity. Plaintiff also prayed for custody of plaintiff's and defendant's six year old girl child, and in the alternative that such custody be granted to his parents.

Defendant denied plaintiff's allegations; requested the court to deny the divorce; prayed for custody of the six year old girl child, and for $700 attorney's fees.

The cause was tried by the court without a jury, which, upon hearing, denied the divorce, awarded custody of the child to defendant (with reasonable visitation privileges for plaintiff), ordered plaintiff to pay $15 per week for the support of the child, and ordered plaintiff to pay $250 as attorney's fees.

Plaintiff appeals, contending: 1) That plaintiff was entitled to a divorce as a matter of law and that the Trial Court erred in not granting same; 2) that the

Trial Court erred in awarding custody of the minor child to defendant; 3) that the Trial Court erred in decreeing that plaintiff contribute $15 per month for support of the minor child; 4) that the Trial Court erred in awarding defendant $250 attorney's fees.

■■■ Reverting to plaintiff's 1st contention, that the Trial Court erred in not granting him a divorce. Plaintiff alleged cruel treatment and specific acts of misconduct as grounds for divorce in this case. The evidence in the case on such issues is conflicting. None of plaintiff's evidence was full, satisfactory or uncontradicted. The Trial Court, upon hearing all the evidence, within its discretion denied the divorce. The Trial Court's judgment will not be set aside in the absence of an abuse of discretion. We have carefully reviewed the record before us and have concluded that the action of the Trial Court in denying the divorce is amply sustained.

■■■ Plaintiff's 2nd point complains of the Trial Court's awarding of custody of the six year old girl child to the defendant mother. The child was with the mother prior to plaintiff's filing of the divorce and had been most of the time since plaintiff and defendant separated. The Trial Court, after hearing the evidence, held that it was to the best interest of the child that her custody be awarded to her mother, rather than to her father or to her paternal grandparents. A careful review of the record sustains the Trial Court's award of custody. It has been repeatedly held that a child of tender years should be with the mother if she is at all a fit person therefor. Sims v. Cole, Tex. Civ.App., 264 S.W.2d 185. Further, a very clear abuse of discretion must appear before the appellate court will interfere with the Trial Court's judgment awarding custody of minor children. Kollenborn v. Kollenborn, Tex.Civ.App., 273 S.W.2d 660; Bryant v. Birdsong, Tex.Civ.App., 277 S. W.2d 922; Reid v. Horton, Tex.Civ.App., 278 S.W.2d 626; Perdue v. Walden, Tex. Civ.App., 282 S.W.2d 744.

Plaintiff's 3rd complaint is levelled at the Trial Court's decree that he should pay $15 per week toward the support of such child. Plaintiff's contention here is that a decree of support is contingent only upon the granting of the divorce. Here plaintiff's divorce was denied and plaintiff says that it is error to require him to make support payments.

■■■ The fact that the divorce plaintiff sought was refused did not deprive the court of the power and jurisdiction to award custody of plaintiff's and defendant's minor child to defendant. Lolley v. Lolley, Tex.Civ.App., 181 S.W.2d 941. When the Trial Court awarded custody of the minor child to defendant it was proper for the Trial Court to likewise award an appropriate sum for the child's support where justified by the facts. Plaintiff complains further that defendant did not *plead* for support payments. Defendant plead for custody of the minor child, and the Trial Court heard all of the evidence, found that it was to the child's best interests to be awarded to the custody of its mother, and exercised its broad discretionary powers to fix a sum which the father should contribute to its support. Pleadings are of little importance in child custody cases and trial court's efforts to exercise broad equitable powers in determining what will be best for a child's welfare and future should not be hampered by narrow technical rules. Reid v. Horton, Tex.Civ.App., 278 S.W.2d 626. It follows that we think the Trial Court had the inherent power as well as the duty to decree support for this minor, after it had placed her custody with her mother.

■■■ Finally, the plaintiff says that the Trial Court erred in awarding defendant $250 for attorney's fees. Defendant prayed for $700 attorney's fees and testified that she had contracted to pay her attorneys such sum. Defendant had two attorneys of record. Plaintiff's contention

seems to be that the record is absent evidence of the reasonable value of the services performed by her attorneys. The matter of awarding attorney's fees to a wife is one largely within the discretion of the Trial Court, and the Trial Court's action must *clearly* appear to be an abuse of discretion before such judgment will be disturbed on appeal. See 15B Tex.Jur., Sec. 228, and cases there collated. Moreover, the absence of expert evidence is immaterial to the sustaining of an attorney's fee where the evidence shows the nature and character of the service performed and the results obtained. Berg v. Berg, Tex.Civ.App., 232 S.W.2d 783. Here defendant's attorneys successfully defended plaintiff's suit for divorce against what plaintiff contends to be the strongest sort of evidence. Defendant's attorneys further secured custody for defendant of plaintiff's and defendant's minor child, together with support for such child. The record before us reflects a difficult, hard-fought case, with two attorneys representing the defendant, with successful results. We think the record before us reflects the reasonableness of such fee. See also Chapman v. Chapman, Tex.Civ.App., 172 S.W. 2d 127, Er.Dis.; Muran v. Muran, Tex. Civ.App., 210 S.W.2d 617.

All of plaintiff's points have been carefully considered and are overruled.

The judgment of the Trial Court is affirmed.

HALE, J., not participating.