Mike **SCOZZARI**, Appellant,

v.

Annie Scozzari **CURTIS**, Appellee.

No. 16696.

Court of Civil Appeals of Texas.

Fort Worth.

Jan. 21, 1966.

Clyde, Hines & Craig, and Marshall A. Hines, Fort Worth, for appellant.

Pringle & Finney, and David R. Finney, Fort Worth, for appellee.

LANGDON, Justice.

This is a suit for change of custody brought by Mike Scozzari, appellant, against Annie Scozzari Curtis. They were formerly husband and wife until divorced on April 17, 1964, at which time the custody of their only child, Cynthia Scozzari, a girl born July 5, 1962, was awarded to Annie Scozzari. The divorce judgment required Mike Scozzari to pay Ten Dollars ($10.00) per week child support and provided him visitation privileges on Sunday of each week. Prior to trial of this suit for change of custody filed on January 13, 1965, the appellant paid up his child support arrears. Both appellant and his former wife have remarried since the divorce. Trial was to the court without a jury. Judgment was entered awarding the care, custody and control of the child to Mr. and Mrs. Leonard W. Moore, the maternal grandparents who were not parties to the suit.

By eight points of error the appellant contends that the court's findings and its judgment are not supported by the law, the evidence or the pleadings, and that in order to have custody, Mr. and Mrs. Leonard W. Moore had the burden of proving that the appellant was an unfit person for custody, which they failed to do.

▬ Mr. and Mrs. Leonard Moore were never made parties to this cause of action nor did they intervene. They were both present at the trial. Each of them testified and responded to questions propounded by the court and the attorneys. The court being fully advised as to their qualifications and of their willingness to continue to assume and to discharge the duties and responsibilities attendant to an award of custody had authority to award such custody to them. Haynes v. Haynes, 191 S. W.2d 81 (Texas Civ.App.1945, Dism.); Reid v. Horton, 278 S.W.2d 626 (Amarillo Civ.App., 1954, ref. n. r. e.); 20 Tex.Jur. 2d 660, § 331.

▬ It has been held, "that pleadings are of little importance in child custody cases and the trial court's efforts to exercise broad, equitable powers in determining what will be best for the future welfare of a child should be unhampered by narrow, technical rulings. Ross v. Orr, Tex.Civ. App., 214 S.W.2d 150." Reid v. Horton, supra. Since the question as to whether they should have been made parties has not been raised by either party to this appeal, it will not be considered further in this opinion except to say that they were named in the appeal bond and counsel appeared for argument in their behalf. Reid v. Horton, supra. Annie Scozzari Curtis does not complain of the judgment.

At the request of appellant the court made and duly filed findings of fact and conclusions of law which reflect that: the child has been in the home of Mr. and Mrs. Leonard W. Moore, her maternal grandparents since she was ten or eleven months old except for short periods of time spent with one or both of her parents; prior to their divorce both parents voluntarily left the physical custody of the child with Mr. and Mrs. Moore and she was residing with them at the time of the divorce. After the divorce Annie Scozzari voluntarily relinquished care and custody of the child to the Moores and lived apart from them; Mr. and Mrs. Moore are in good health. Their home is in all things suitable for the care of the child who is happy and well cared for. The Moores are financially able to provide for her physical and medical needs and have loved and cared for her for more than two years of her life. The Moores are fit and proper persons to have the care and custody of said child.

At the time of trial the appellant was approximately 23 years of age, had been remarried about 4 months, and resided in a rented upstairs apartment. His take home pay was $50.00 per week. He was not financially able to contribute more than $10.00 per week for child support, and still owed the doctor for expenses attendant to the birth of the child. His present wife is 20 years of age, was not joined as a party, did not participate in the hearing

and was not called as a witness. All of the above findings of the court are not only based upon ample evidence, but appear to be uncontradicted in so far as they relate to Mr. and Mrs. Moore. The appellant testified that his child has been and is being well cared for by the Moores in that all of her needs are being met. That she is well adjusted, happy, healthy and intelligent and the Moores are doing their best for her. They keep her clean in a bright clean home. The child is well nourished, normal and adequately dressed. She has good personal habits and shows affection toward him. There is no hint in the record that anyone has attempted to poison the mind of the child against her father. Their relationship has been a happy one which under the record can be attributed to Mr. and Mrs. Moore.

The Moores have been married for 18 years, and have resided in their present home for about 15 years or more. Mr. Moore is 43 years of age and a master plumber.

■ "Whether the trier of the facts is the judge or jury, in testing the sufficiency of the evidence to determine if it supports the findings we must give credence only to the evidence and circumstances favorable to the findings and disregard all evidence to the contrary, indulging every legitimate conclusion tending to uphold such findings." City of Lubbock v. Walsh, 316 S.W.2d 923 (Amarillo Civ.App., 1958, ref., n. r. e.), and cases cited therein.

■ Findings of fact made and filed by the court which are supported by the evidence are binding upon the appellate court. Campbell v. Swinney, 328 S.W.2d 330 (Dallas Civ.App., 1959, ref., n. r. e.); see also Harden v. Federal Farm Mortgage Corporation, 223 S.W.2d 39 (Galveston Civ.App., 1949, no writ hist.); Taylor v. Austin, 221 S.W.2d 933 (Galveston Civ. App., 1949, no writ hist.); City State Bank in Wellington v. Wellington I. S. Dist., 173 S.W.2d 738 (Amarillo Civ.App., 1943, approved by Sup.Ct., 142 Tex. 344, 178 S.W.2d 114, 1944); Rule 296, Texas Rules of Civil Procedure.

■ The appellant in this suit had the burden of establishing a material change of conditions since the divorce was granted on April 17, 1964, to the date of trial, and that an award of custody to him would be for the best interest of the child. We agree with the trial court that he failed to show a material change or any change of conditions. The controlling considerations are those changes of conditions affecting the welfare of the child. The appellant's desires, acts, claims and beliefs are secondary considerations and are material only as they bear upon the question of the best interest of the child. Bukovich v. Bukovich, Tex.Sup., 399 S.W.2d 528, January 15, 1966; 20 Tex.Jur.2d 679, § 351.

■ There was no evidence of any occurrence or the existence of any facts arising since the divorce decree conducive to showing that the present custodial status of the child is or will be inimical to her welfare or will not be in her best interest. Bukovich v. Bukovich, supra.

All that is shown by the record in the nature of a change in conditions since the original award of custody are but changes in the appellant's situation; namely, that he has since married and lives in a rented upstairs apartment. Unchanged is the fact that he has not yet paid for the expenses incident to the birth of the child and is unable to pay more than Ten Dollars ($10.00) per week for her support. He has no hospitalization insurance and no cash reserve or resources out of which he could provide emergency medical care for his child. He has no savings account.

Unquestionably the appellant loves his daughter as is demonstrated by his actions in exercising his visitation privileges and endeavoring to maintain his support payments, but this is as it should be and does not warrant a change in custody.

It is further reflected by the record that he is more fortunate than most fathers in

that the Moores have been very exceptional in recognizing his privilege of visitation and in cooperating with him in every respect. He has always been not only welcomed by them but invited along with his new wife for dinner on Christmas and other occasions.

The parents of the child voluntarily turned the child over to the care of Mr. and Mrs. Moore during the period of their separation preceding the divorce. They have had the physical care and custody of her for the greater part of her life. The appellant has been visiting with and picking his child up at the Moore home over a long period of time.

"'* * * where a parent has surrendered his natural right to custody to a third person "who performs the duties incumbent upon him as the natural guardian, a new condition is created which inures to the benefit of the child." '" In a proceeding "'"to regain custody of the child the paramount interest of the child becomes the dominant issue. Legate v. Legate, 87 Tex. 248, 28 S.W. 281." '" Reid v. Horton, supra.

The court by its judgment merely stabilized the present status of the child by awarding legal custody to Mr. and Mrs. Moore whose previous physical custody was with the tacit approval of the natural parents who voluntarily permitted them to assume duties incumbent upon them. Reid v. Horton, supra.

"In all cases any right of a parent must yield to the welfare and best interests of the child, and the desires or best interests of a parent will not control if in conflict therewith.

"The determination of the custody of children, as between divorced parents, must always turn on the facts of the particular case, and the award will not be disturbed on appeal unless abuse of discretion is shown." 20 Tex.Jur.2d 653, § 326, and cases cited; see also 20 Tex.Jur.2d 678, § 349 and p. 677, § 348 of same text.

The contention of the appellant that it was incumbent upon the court to find him unfit before an award to third persons could be authorized is erroneous.

"The court may award custody of a child to some person other than a parent, or to some institution, if such a disposition of custody is required by the best interest of the child. * * * it is not necessary, to support an award to a third person, that the natural parents be disqualified to serve properly as custodian by reason of any immorality, and it has even been said that the fact that a parent may be a suitable custodian does not entitle him, as a matter of right, to custody if the best interest of the child will be served by an award to some other person." 20 Tex.Jur. 2d 661, § 332, and cases cited therein.

All points of error are overruled and the judgment of the trial court is affirmed.