**Anne HUDDLESTON, Appellant,**

v.

**Clyde HUDDLESTON, Appellee.**

No. 3825.

Court of Civil Appeals of Texas.

Waco.

May 4, 1961.

Rehearing Denied June 1, 1961.

Nelson, Montgomery, Robertson & Sellers, Charles B. Russell, Jr., Wichita Falls, Arthur Mitchell, Edgar A. Lashly, Austin, for appellant.

Kelly, Hunt, Cullen & Mallette, Joe Kelly, Victoria, for appellee.

McDONALD, Chief Justice.

This is a bill of review to set aside a divorce and in the alternative a motion to change custody of a minor child. Clyde Huddleston filed suit for divorce and custody of minor child, against Anne Huddleston in January, 1958. Anne Huddleston filed a waiver of service in such cause. On 14 March, 1958 the Trial Court heard the case and granted Clyde Huddleston divorce and awarded him custody of the minor child of Clyde and Anne Huddleston (a boy 4 years of age) for 9 months and awarded Anne Huddleston custody during the "summer vacation months." Both parties were accorded the right of reasonable visitation, and Clyde Huddleston was required to make reasonable support payments for the child during the period the child was with its mother.

On 11 June, 1958, Anne Huddleston filed the instant cause as a bill of review, seeking to set the judgment of divorce aside on the ground that the parties had lived together after the filing of the original divorce action. In the alternative, she filed action seeking full custody of the minor child.

Trial was before the Court without a jury, which, after hearing, refused to set the judgment of divorce aside; found that there had been no change of circumstances (since the original custody decree) to warrant change of custody of the minor child; and further found:

"there has been no establishment of an exact date or time, which constitutes school months and summer months, and that it would be to the best interest of the minor child that he be allowed 2 weeks following the end of school to become prepared for his change of custody during the summer months * * * and 2 weeks prior to the beginning of school, in order that he may become prepared for the entry of school."

The Trial Court modified the original custody order giving the father, Clyde Huddleston, custody during the school months, beginning 2 weeks prior to the entry into school and until 2 weeks after the close of school; and to the mother, Anne Huddleston, the balance of the year.

The mother, Anne Huddleston, appeals, contending the Trial Court erred:

1) In failing to set aside the original judgment of divorce, and to grant her a divorce and full custody of her minor child.

2) In failing to make additional findings of fact and conclusions of law in response to her request therefor.

3) In changing the custody of the child for the 2 weeks before and after school in absence of changed conditions requiring such change, and the absence of pleading and prayer requesting such relief.

We revert to appellant's 1st contention that the Trial Court erred in not setting aside the original divorce judgment; and granting her a divorce, together with full custody of the minor child. The Trial Court found that appellee, Clyde Huddles-

ton, filed the original suit for service and custody and that appellant Anne Huddleston executed a waiver; that thereafter, appellee was granted divorce and custody for 9 months with appellant to have custody "during the summer months." The Trial Court further found that no change in circumstances had occurred requiring a change in the custody of the minor child; but that the term "school months" and "summer months" should be more definitely and clearly defined, and that "summer months" should start 2 weeks after the close of school and end 2 weeks before the beginning of school in the fall. We think the record amply supports the findings, conclusions, and judgment of the Trial Court.

**▮** The care, custody and control of minor children is of grave concern to the public, and courts are given wide discretion in dealing with the question. The court in awarding the custody of a child should consider that the welfare of the child is the common factor in reaching a decision. See Ex parte Eaton, 151 Tex. 581, 252 S.W.2d 557.

**▮** Appellant's 2nd contention is that the Trial Court erred in failing to make certain additional findings and conclusions. The Trial Court filed Findings and Conclusions ample to support its judgment.

Thereafter, the appellant requested the Trial Court to make some 32 additional findings of fact. The record reflects that the Trial Court considered such request and entered the following order:

"On this day the defendant's request for additional findings of fact having first come to the attention of the court, the court, acting upon a preponderance of the evidence, declines to make, (and) overrules defendant's request for additional Findings of Fact Nos. 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 24, 25, 26, 27, 30, 31 and 32." (The court then found requested findings 23, 28 and 29.)

We think the Trial Court found the requested additional findings of fact upon the preponderance of the evidence, albeit adversely to appellant. The record contains a Statement of Facts, and the additional findings are as found and determined by the Trial Court, we think, supported by the evidence. There is no merit in appellant's 2nd contention.

Appellant's 3rd contention is levelled at the Trial Court's modification of the original custody decree to grant appellee custody for 2 additional weeks before and after school in the absence of changed conditions, and in the absence of pleading and prayer for such relief.

**▮▮** The record reflects that the child had reached school age and was attending school at the time of trial, whereas at the time the original custody decree was entered the child was not of school age. This constitutes sufficient change of conditions to warrant the Trial Court's action. In the consideration of any child custody care the matter of paramount importance is the highest welfare and best interest of the child. In the determination of what is best for the child, the Trial Court is vested with broad discretionary powers and its findings and judgments in such matters will not be disturbed unless there is a clear abuse of discretion. Perdue v. Walden, Tex.Civ. App., 282 S.W.2d 744 (no writ hist.); Gallagher v. Die, Tex.Civ.App., 260 S.W.2d 128 (no writ hist.); Cavender v. Asbeck, Tex.Civ.App., 259 S.W.2d 578 (no writ hist.); Rousseau v. Rousseau, Tex.Civ. App., 268 S.W.2d 556 (no writ hist.); Coker v. Harris, Tex.Civ.App., 281 S.W.2d 100, W/E Ref. n. r. e.; Turner v. Goelz, Tex. Civ.App., 296 S.W.2d 596, W/E Ref. n. r. e.

**▮** Pleadings are of little importance in child custody cases and the Trial Court's efforts to exercise broad equitable powers in determining what will be best for a child's welfare and future should not be hampered by narrow technical rules. Reid v. Horton, Tex.Civ.App., 278 S.W.2d 626,

W. E. Ref. n. r. e.; Danache v. Danache, Tex.Civ.App., 296 S.W.2d 821 (no writ hist.)

The record under review fails to establish any abuse of discretion by the Trial Court.

The judgment is affirmed.