Ava Nell QUARLES, Appellant,

v.

N. K. QUARLES, Appellee.

No. 16437.

Court of Civil Appeals of Texas.

Dallas.

Jan. 8, 1965.

Rehearing Denied Feb. 5, 1965.

Bruce Graham, Greenville, for appellant.

G. C. Harris, Greenville, for appellee.

WILLIAMS, Justice.

N. K. Quarles brought this suit in the district court against his wife, Ava Nell Quarles, seeking a divorce, distribution of the community property, and custody of three minor children of the marriage, ages 14, 10 and 3, alleging "that said children are with the plaintiff and it would be to the best interest and welfare of said children that their custody be awarded to plaintiff upon hearing hereof." Ava Nell Quarles responded to this suit with her answer and cross-action wherein she sought a divorce from N. K. Quarles, a division of the community estate, and asked that custody of the three minor children be awarded to her. She alleged "that cross-plaintiff is a proper person to have the custody of their three minor children and asks that upon a final hearing that she be granted such custody." Following a trial before the court and a jury special issues were answered by the jury in favor of both plaintiff and cross-plaintiff on the issues of divorce. In response to questions propounded to them concerning custody of the three minor children the jury found that (3) N. K. Quarles is a proper and fit person to be entrusted with the care and custody of the minor children; (4) that Ava Nell Quarles was not a proper and fit person to be entrusted with the care and custody of the minor children; and that (5, 6 and 7) the welfare and best interest of the three minor children would be best served by awarding their care and custody to the father, N. K. Quarles. Based upon this jury verdict the trial court awarded a decree of divorce to Ava Nell Quarles, ordered a division of the community property, and awarded the care and custody of the three minor children to the father, N. K. Quarles, with rights of reasonable visitation to the mother. Ava Nell Quarles appeals to this court complaining only of that part of the trial court's judgment awarding custody of the three minor children.

In her first three points on appeal, grouped for presentation, appellant argues that the trial court erred (1) in placing the burden of proof on the mother, Ava Nell Quarles, in Special Issues 4, 5, 6 and 7 relating to custody; (2) in instructing the jury that the rights of the father and mother are equal with respect to their children; and (3) in refusing to give to the jury a requested instruction to the effect that ordinarily custody of a girl of tender years is best served by an award to the mother.

In Special Issue No. 4 the trial court asked the jury to find from a preponderance of the evidence whether Ava Nell Quarles is a proper and fit person to be entrusted with the care and custody of the minor children of the parties. The jury replied "No". In Special Issues Nos. 5, 6 and 7 the court separately submitted the question to the jury to "find from a preponderance of the evidence whether the welfare and best interest of the minor child will best be served by awarding the care and

custody of such minor to the father or to the mother." In each instance the jury found "father". We do not agree with appellant that the court erroneously placed the burden of proof upon her in these issues. It is an elementary rule of law that the party asserting an affirmative of an issue is obligated to establish it by a preponderance of the evidence. 31 Tex.Jur.2d 737, § 157. In this case appellant, in her cross-action, alleged that she, and not appellee, was a proper person to have the custody of the minor children. Special Issue No. 4 submitted that very question to the jury, properly placing the burden of proof upon appellant to establish the affirmative thereof. In Special Issues 5, 6 and 7 the court so worded the issues to properly place the burden of proof on both the mother and the father, each of whom had affirmatively sought custody.

■ As a part of the charge, the trial judge instructed the jury:

"You are further instructed that the rights of the father and mother are equal with respect to the custody of their children, but that the welfare of the child or children is of controlling importance, and it will be your duty to find according as you may believe from a preponderance of all the evidence as to what will be for the best welfare and good of the child or children, and you will answer such issues as you may find the facts to be, answering father or mother as indicated."

We are of the opinion that this instruction is legally correct and overrule appellant's objection thereto. In re Boyd, Civ. App., 157 S.W. 254; Gully v. Gully, Civ. App., 184 S.W. 555; Sanders v. Treend, Civ.App., 266 S.W.2d 235; 20 Tex.Jur.2d 653, § 326, and cases there cited. Nothing is more firmly established in our law that the paramount question to be decided in custody matters is the best interest of the child and any right of a parent must yield to such welfare and best interest. The statute itself, Art. 4639a, Sec. 1, V.A.C.S., provides that the decree and order relating to custody must be based upon the best interest of the minor. In this connection see Erwin v. Erwin, Civ.App., 344 S.W.2d 923; Huddleston v. Huddleston, Civ.App., 346 S.W.2d 931; Bell v. Hoskins, Civ.App., 357 S.W.2d 585; Robinson v. Robinson, Civ.App., 359 S.W.2d 215; Meyer v. Meyer, Civ.App., 361 S.W.2d 935.

■ As a part of her objections to the submission of Special Issue No. 7, inquiring concerning the proper custody of the three-year-old girl, Ann Quarles, appellant requested the court to give the following instruction:

"You are charged as a part of the law in this case, that in considering your answer to Special Issue No. 7, that unless you find from a preponderance of the evidence, that Ava Nell Quarles, the mother, is unfit to have the custody of Ann Quarles awarded her, that it is ordinarily for the best interest of a minor girl of tender years, that the custody of such child be awarded the mother."

The court refused to give this instruction. Such refusal does not, in our judgment, amount to reversible error in this case. Appellant has cited us no case in which such a request, or similar request, was ever given. Neither have we been able to find any such case. While it is true, as reflected by many adjudicated cases, that it is ordinarily proper and desirable to award children of tender years to the mother, such rule is necessarily qualified and modified by circumstances affecting the child's best interest and welfare. The mother is not, in every case, entitled to custody of such a child, as a matter of law. We believe that the instruction given by the court, set forth above, adequately presents the law of the case rendering it unnecessary to give the requested instruction. Moreover, any error, should there be error, in refusing such instruction is, in our opinion, harmless error and is not shown to have resulted in the rendition of an im-

proper verdict. Rule 434, Texas Rules of Civil Procedure.

Appellant's Points 1, 2 and 3 are overruled.

■ In her fourth and fifth points, appellant contends that there are no pleadings alleging that she is unfit to have the care and custody of her minor children, nor was there any evidence of her unfitness, and therefore the court erred in submitting Special Issues 4, 5, 6 and 7 to the jury. There is no merit to either of these points and they are overruled. Both the father and the mother allege that it would be to the best interest and welfare of the minor children that custody be awarded to them. These pleadings were adequate to allow the introduction of evidence relating to the question of the best interest and welfare of the children and also to justify the submission to the jury of the special issues. Moreover, no objection, based upon lack or insufficiency of pleadings, was advanced when the testimony was submitted relating to the matter of custody. As to the question of no evidence on the issue of unfitness, as well as the best interest and welfare of the children, we find abundant evidence in this record, both pro and con, relating to those vital questions which were ultimately determined by the jury in favor of appellee. Appellant's "no evidence" point is therefore without merit.

■ By her Points 6, 7 and 8, appellant contends that the court erred in overruling her motion for instructed verdict as to the custody of the three-year-old daughter, Ann Quarles; in overruling her motion for judgment *non obstante veredicto* as to the jury's answer to Special Issue No. 4; and in overruling appellant's motion for judgment *non obstante veredicto* as to the jury's answers to Special Issues 5, 6 and 7. These points are "no evidence" points since the trial court would not have been legally authorized to either grant the motion for instructed verdict or motion for judgment *non obstante veredicto* unless there was no evidence to present the issues or sustain the answers thereto on the question of custody. As we said in Davidson v. Methodist Hospital of Dallas, Civ. App., 348 S.W.2d 400, it is only when there is no evidence of probative value in support of a jury's verdict that a judgment *non obstante veredicto* can be allowed to stand. See also Burbridge v. Rich Properties, Inc., Civ.App., 365 S.W.2d 657; Burt v. Lochausen, 151 Tex. 289, 249 S.W. 2d 194; Lockley v. Page, 142 Tex. 594, 180 S.W.2d 616. Being a "no evidence" situation we have reviewed these points in the light of the rule announced by our Supreme Court in In re King's Estate, 150 Tex. 662, 244 S.W.2d 660. The statement of facts in this case, 361 pages in length, has been carefully examined by us and rather than being devoid of any evidence at all on the question of the proper care and custody, we find the evidence to be abundant, both on behalf of the father and the mother, relating to what would be the best interest of these children and their future welfare. Prior to the enactment of Art. 4639a, V.A.C.S., which specifically provides for the determination of the custody question by a jury, and providing that the judgment of the court in such a jury trial may not contravene the jury's determination of the child custody issue, a great amount of discretion was vested in the trial judge. Of course, the jury's determination of the issue of custody must be supported by evidence, as in other cases. In Welch v. Welch, Civ.App., 369 S.W.2d 434 we had occasion to review Art. 4639a, V.A. C.S. and we there held that if the verdict of the jury relating to child custody is not supported by any evidence such verdict could be disregarded under the provisions of Rule 301, T.R.C.P., as in any other case. However, where there is evidence to support the jury's verdict the trial judge has no right to substitute his findings or opinion with reference to the custody, nor neither may this court do so. Points 6, 7 and 8 are overruled.

The judgment of the trial court is affirmed.