**Merle Leon HEISKELL, Appellant,**

v.

**Julia Naomi HEISKELL, Appellee.**

No. 7688.

Court of Civil Appeals of Texas.

Amarillo.

Feb. 20, 1967.

Rehearing Denied March 20, 1967.

McCown & Sheehan and Louis T. Dubuque, Dumas, for appellant.

Lovell, Lyle & Cobb and R. A. Renfer Jr., Eli Willis, Dumas, for appellee.

NORTHCUTT, Justice.

This is a child custody suit filed by the father against the mother for custody of the child awarded to defendant in her divorce suit. The case was tried before a jury and after the plaintiff had submitted his evidence and rested the defendant filed a motion for judgment, which motion was granted by the trial court. From that judgment the plaintiff perfected this appeal. The parties hereafter will be referred to as they were in the trial court.

The plaintiff presents this appeal upon one point of error contending the court erred in granting defendant's motion for judgment because there was evidence to raise an issue of fact as to a material change in conditions since the original divorce and custody decree was rendered.

Article 4639a, Vernon's Ann.Tex. Civ.St., provides that a trial by a jury may be had in a child custody case. We think

the sole point involved here is a no-evidence point. In other words, was there any evidence introduced as to a changed condition since the defendant was granted custody of the child in the divorce suit? Nothing is more firmly established in our law than that the paramount question to be decided in custody matters is the best interest of the child and any right of a parent must yield to such welfare and best interest. Quarles v. Quarles, 386 S.W.2d 337 (Tex. Civ.App.-Dallas, 1965, no writ) and the many cases there cited. But if there is no evidence to support a finding by the jury that the custody should be changed then the judge has the right to take the matter from the jury and render judgment. Rule 301, Texas Rules of Civil Procedure; Welch v. Welch, 369 S.W.2d 434 (Tex.Civ. App.-Dallas, 1963, no writ).

It seemed to be the contention of the plaintiff that the custody should be changed for two reasons, one of those reasons being that the plaintiff had remarried and had a home for the child. That alone is not sufficient. In the case of Fontaine v. Fontaine, 325 S.W.2d 428 (Tex.Civ.App.- Dallas, 1959, no writ) it is stated:

"It is familiar law that 'where the custody of a minor has by divorce decree been awarded to one party, one seeking a modification of the decree changing the award has the burden of establishing changed conditions arising subsequent to the date of the decree which would materially affect the welfare of the child.' Neal v. Medcalf, Tex.Civ.App., 244 S.W. 2d 666, 670 [10]. 'The party seeking a change of custody has the burden of proving that since the judgment of divorce conditions have so changed as to render the other parent an improper custodian, or that the welfare of the child demands a change.' 15–B Tex.Jur. p. 104. Appellee admits to unchanged conditions with respect to the mother as custodian; simply asserting his remarriage which, in itself, is uniformly held not to be a sufficient ground or reason for modification.

Tavares v. Tavares, Tex.Civ.App., 207 S.W.2d 916; Lovelace v. White, Tex. Civ.App., 209 S.W.2d 422; 43 A.L.R.2d 364.''

The other reason seemed to be that the defendant was immoral and neglected the child by leaving her with a babysitter. We are unable to find any evidence in this case that defendant has ever been immoral. The plaintiff testified that the child seemed healthy and happy. Naturally, the defendant had to work to make a living. There is no evidence that the babysitters were improper persons or in any manner abused or neglected the child. When this hearing was had the defendant and the four-year old little girl were living with defendant's parents and defendant was working in her father's store.

In custody cases the underlying principle paramount to all others is the welfare and best interest of the child. In no way in conflict with this rule is another, equally well established, that once the court has decreed custody there may be no change in the child's custody except where adequate cause therefor arises out of changed conditions. The principle is based on the idea not only the stability of the home life of the child is an important and vital factor but also that the turmoil of litigation must somewhere end. Short of modification based upon adequate grounds, the decree awarding custody is conclusive and settled beyond recall other than by appeal. Moreover, the actions and conduct of one of the parties to the divorce which gives offense to the other or even to the public at large are not a matter that calls for or permits a change of custody unless such actions and conduct are shown to affect directly the welfare and best interest of the child.

Where a court has decreed custody to one parent, such parent may not be deprived of the custody for any supposed unfitness unless it be shown that he or she is so unfit as to endanger the child's welfare. A custody proceeding is not one to disci-

pline one parent for such parent's short-comings as an individual, nor to reward the other for any wrong suffered therefrom. Before a decree awarding custody may be vacated and the child's life unsettled, the evidence must be clear and convincing that the child's welfare and best interest will be directly promoted by a change.

We are unable to find in this record any evidence that would justify a jury or the judge of the trial court in finding there was such a change of conditions as to require the change of custody. The child is healthy and happy and there is nothing even to indicate that anything is wrong with the child's present surroundings. We think the trial court was correct in holding there was no evidence in this case that would justify a jury to hold the defendant was an improper custodian of the child to demand a change.

Judgment of the trial court is affirmed.

CHAPMAN, A. J., concurs in the result reached.