Cheri Martha WOODS, Appellant,

v.

Verle Duane WOODS, Appellee.

No. 8145.

Court of Civil Appeals of Texas, Amarillo.

May 24, 1971.

Rehearing Denied June 21, 1971.

———◆———

Countiss & Blackburn (Richard N. Countiss), Spearman, for appellant.

Lemon, Close, Atkinson & Shearer (R. D. Lemon), Perryton, for appellee.

ELLIS, Chief Justice.

This is an appeal from a judgment awarding to the father-appellee custody of the two minor children of parents who were divorced in a previous trial wherein the custody issue was unresolved. The child custody question in the instant case was tried before a jury on April 27, 1970. On the basis of the jury's finding that the best interests of the two minor children would be served by granting their custody to Verle Duane Woods, appellee herein, the trial court entered judgment in accordance with such finding. The two children involved are Valerie Woods, a girl, born March 14, 1960, and Maurice Woods, a boy, born August 5, 1963.

The original divorce and custody trial between the same parties was held before a jury on April 2, 1969. This case was filed on October 21, 1968, by Verle Duane Woods who brought the suit against his wife, Cheri Martha Woods, for divorce and custody of their two minor children, and the wife, appellant herein, filed a cross action for divorce and custody of the children. In the previous trial each party was granted a divorce from the other, but the jury was unable to reach a verdict on the custody of the children, resulting in a severance and re-trial of the custody matter.

The instant case is the re-trial on the custody question wherein the jury reached a verdict favorable to the father-appellee, and from such verdict and the judgment based thereon, Cheri Martha Woods, appellant, has brought her appeal on fourteen points of error. We affirm the judgment of the trial court.

■ The general guidelines to be followed in adjudicating the custody of minor children in a case such as the one here under consideration are set out in Article 4639a, Vernon's Annotated Civil Statutes, which include inquiries into the surroundings and circumstances of each such child and children, the financial circumstances of the parents and their ability to support the children and directing that such orders be made *"regarding the custody and support of each such child or children, as is for the best interest of same."* Also, such statute provides that any party to such a hearing may demand a jury to determine the custody question and, "the judgment of the court must conform to that determination." It is here noted, however, that the jury's verdict must be supported by the evidence to the same extent as in jury trials in other civil cases. Welch v. Welch, 369 S.W. 2d 434, 437 (Tex.Civ.App.—Dallas 1963, no writ); Rule 301, Texas Rules of Civil Procedure.

Two issues were submitted to the jury. The first issue inquired:

"From all the facts and circumstances in evidence, which parent do you find, from a preponderance of the evidence, that the best interest of the minor children will be best served by awarding their custody to?"

To this issue the jury answered: "VERLE DUANE WOODS." The second issue, relating to the amount of child support for the minor children, was not answered by the jury since it was instructed to answer the same only in the event it answered the previous issue regarding child custody in favor of Cheri Martha Woods.

The appellant's first nine assignments of error relate to various aspects of the familiar assignments of (1) no evidence, (2) insufficient evidence, and (3) contrary to the great weight and preponderance of the evidence, points. We have carefully examined the statement of facts and have considered same in accordance with the standards established by the Supreme Court of Texas in In Re King's Estate, 150 Tex. 662, 244 S.W.2d 660 (1951), and Fisher Construction Company v. Riggs, 160 Tex. 23, 325 S.W.2d 126 (1959).

There was considerable testimony and evidence presented by both sides as set out in the statement of facts containing 248 pages. In addition to the parties to the suit, ten (10) witnesses testified. These included neighbors and acquaintances who had known the respective parties for considerable time, their friends and associates, including parties who had taken care of the children, professional associates of appellant, the District Clerk, an aunt of the appellant, appellant's sister and the ten year old daughter of the parties to the suit. In addition, letters from the children to their father and other exhibits were introduced. The record contains much conflicting evidence on the child custody issue both favorable and unfavorable with respect to each contesting party, and we do not deem it necessary or appropriate to detail or summarize such evidence.

The appellant contends that it is not sufficient to show that the father is qualified to have custody of the children, but that it must be positively shown that the mother is disqualified, and that this rule is uniformly applied in the absence of unusual circumstances affecting the child's best interests. In the case of Quarles v. Quarles, 386 S.W.2d 337, 339 (Tex.Civ.App.—Dallas 1965, writ dism'd w. o. j., 388 S.W.2d 926 (1965)), it was pointed out that although it is generally proper and desirable to award the custody of children of *tender years* to the mother, "such rule is necessarily qualified and modified by circumstances affecting the child's best interest and welfare."

It is here noted that the children involved are both of school age, ten and seven years, and are old enough to be subjected, of necessity, to numerous environmental factors other than would be contemplated for younger children dependent to a much greater extent upon maternal care. We have carefully considered the cases of Beasley v. Beasley, 304 S.W.2d 158 (Tex. Civ.App.—Dallas 1957, writ ref'd n. r. e.) and Longoria v. Longoria, 324 S.W.2d 244 (Tex.Civ.App.—San Antonio 1959, writ dism'd w. o. j., 160 Tex. 134, 327 S.W.2d 453 (1959) ), cited by appellant. It is our opinion that these cases are distinguishable from the instant case on the facts in that, in such cases the trial court had in effect found both parents equal in qualifications and divided the custody, and, because of such equality, the appellate courts applied the presumption that it would be to their best interest that such children of tender age go to their mother. The facts in the instant case do not indicate such a similar degree of "equality" with respect to the best interest of the children as that set out in the above cited cases, and, after hearing the evidence in the instant case, the jury found that from all the facts and circumstances, from a preponderance of the evidence, the best interest of the children would be *best* served by awarding their custody to the father (emphasis added). The case of Hightower v. Nocedal, 429 S. W.2d 657 (Tex.Civ.App.—Houston (14th District) 1968, no writ), cited by appellant, was a *change of custody* case, applying different legal tests and holding that the change should be accomplished *only* when the facts establish that a change would be for the "positive improvement" of the child. We do not deem that this authority dealing with a standard for change of previously established custody is sufficiently applicable to a situation of a contest over an unresolved issue of custody between two parents in the original divorce proceeding.

The weight and credibility of the testimony of the parties to the action and other witnesses and evidence was clearly

for the jury. It is well established that the jury is entitled to believe all, part or none of the testimony of any witness and draw its own conclusions therefrom. The jury was in a position to observe the attitude and demeanor of the parties to the action as well as the degree and nature of the interest and circumstances pertaining to such witness and his or her testimony and draw all reasonable inferences therefrom in resolving the various conflicts in the evidence as it proceeded to make its decision on the ultimate issue as to the best interests of the children. The jury determined to resolve these conflicts in favor of appellee. A review of the entire record, when considered cumulatively, indicates that whatever presumption that may have existed in the mother's favor was sufficiently rebutted (although no specific instruction regarding such presumption was requested and thereby waived by the appellant), and that the jury finding is not against the greater weight and preponderance of the evidence. We hold that the record as a whole, when examined in the light of the rules announced by our Supreme Court in In Re King's Estate, supra, contains sufficient evidence of probative force to support the jury's verdict and the court's judgment. Appellant's first nine points are overruled.

Appellant contends in her Points of Error Nos. 10, 11 and 12 that the court erred in not admitting into evidence (1) Appellee's Motion to Reduce Child Support, (2) the entire Divorce Decree, and (3) the Judgment of Contempt against appellee. In appellant's thirteenth point, she complains that the court erred in admitting into evidence a copy of appellee's 1968 Income Tax Return. Regarding the matter of the alleged erroneous action of the trial court in admitting evidence, the rule as recognized by our Supreme Court is that the reversal of a trial court judgment is not justified unless an examination of the record as a whole leads to the conclusion that the error complained of was calculated to cause and probably did cause the jury to give the answer that it did to

the controlling issue. State v. Parrish, 159 Tex. 306, 320 S.W.2d 330, 333 (1958); City of Austin v. Cannizzo, 153 Tex. 324, 267 S.W.2d 808, 813 (1954); Pittman v. Baladez, 158 Tex. 372, 312 S.W.2d 210, 216 (1958).

■ With respect to the appellant's contention that the court should have admitted the Motion to Reduce Child Support, it is here noted that the court ruled that such Motion could be read excepting the portion pertaining to the amount of child support previously ordered by the court. In the event the jury had answered the custody issue in favor of the mother, then it appears proper that the amount of support previously set by the judge on the basis of conditions then existing should have been excluded, particularly since there was ample other evidence admitted during the trial for determination of the support question in the event it should have been necessary that the jury answer such issue. We hold that such exclusion does not constitute reversible error, especially since the jury answered the custody issue adversely to the appellant and eliminated the necessity of passing upon the support issue. See Benson v. Weaver, 250 S.W.2d 770 (Tex.Civ. App.—Austin 1952, no writ), and Gross v. Dallas Ry. & Terminal Co., 131 S.W.2d 113, 117 (Tex.Civ.App.—Dallas 1939, writ dism'd judgmt cor.).

■ We have given careful consideration to the appellant's contention that the entire Divorce Decree and Judgment of Contempt should have been introduced in evidence in the trial because such instruments revealed certain unfavorable aspects concerning the honesty and credibility of the appellee. It is observed that the court excluded from the jury's consideration the various provisions in such instruments pertaining to the division of the property, but the appellant was permitted to show certain matters tending to bear adversely on appellee's honesty and trustworthiness, such as reading from the Complaint for Non-Support that the court had temporarily awarded the custody of the children to

the appellant; that the appellee was required to pay child support (although not permitting the reading of the exact amount); and that appellee had not complied with the child support order, along with the court's consideration of the matter and its determination that the appellee had purged himself of contempt in regard to child support. The various matters concerning property settlement, including contempt charges relating thereto, had been previously determined by the court. We hold, therefore, that by reason of the admission of the above described evidence and in view of the ultimate issues (custody and/or support) to be determined by the jury, in the light of the authorities above cited, the exclusion of the portions of the Divorce Decree and Contempt Order complained of was not reversible error.

■ The appellant's complaint that appellee was permitted to introduce a copy of the 1968 Income Tax Return instead of the original appears to be without merit, since it is obviously indicated that in this instance the original Income Tax Return was in the control of the United States Government and beyond the jurisdiction of either the appellee or the trial court. Also, it appeared that the substance of the written evidence in question had been generally stated, not likely to be successfully disputed, and, in effect, was only a collateral instrument and not a pivotal matter upon which the vital issue would be determined. It therefore appears that the best evidence rule is not applicable to the matters complained of by appellant regarding the admission of the copy of the 1968 Income Tax Return. In this connection see 2 McCormick & Ray Texas Law of Evidence 2d Ed., Sections 1571 and 1567 (1956).

In her fourteenth point of error, appellant contends that the court materially erred in entering judgment for appellee because of material jury misconduct, from the record as a whole resulting in injury to appellant in that the foreman of the jury based his decision in the case on his erroneous and prejudicial opinion of the law.

It is noted, at the outset, that at the hearing on Motion for New Trial, the foreman of the jury testified that he voted the way he did "on account of the evidence I heard and saw in this courtroom for two days." Also, when the foreman was asked if the testimony to the effect that appellant informed her husband that she desired the divorce because of involvement with another man affected his vote, he replied, "That, with a lot of other evidence, it sure did. But, that wasn't the primary factor." Although during the hearing on his Motion for New Trial, the juror admitted that he had made the statement that whenever he heard such testimony concerning the wife, as far as he was concerned, she had forfeited her rights, yet he testified that he did not discuss his personal belief regarding such matters in the jury room and that this subject was not mentioned or discussed in the jury room at any time. He further stated that the jurors limited their discussions, during their deliberations, to the evidence submitted during the trial. Also, it is observed that the evidence before the jury included the conflicting testimony between the contesting parties regarding the matter of the appellant's wanting a divorce because of the alleged involvement with another man, and the jury was entitled to pass upon the credibility of the contesting parties along with other evidence in the case.

■ In regard to the question of jury misconduct, it is well established that the jury must base its findings solely from the evidence submitted during the trial. Akers v. Epperson, 141 Tex. 189, 171 S. W.2d 483 (1943); Associated Employers Lloyds v. Grissom, 291 S.W.2d 756 (Tex. Civ.App.—Dallas 1956, writ ref'd n. r. e.). Also, in the absence of overt acts of misconduct it is not permissible to probe the minds of jurors or supervise their process of reasoning, and even if a juror's finding was based upon illogical reasons or erroneous conclusions were drawn from the evidence, such fact would not within itself constitute conduct so as to authorize a new

trial. Akers v. Epperson, supra. Further, a verdict will not be set aside because an individual juror of his own accord considered an improper fact. Lyons v. Cope, 217 S.W.2d 116 (Tex.Civ.App.—El Paso 1948, writ ref'd n. r. e.). None of the evidence that pertains to the mental processes of the juror can be considered on questions of jury misconduct. Parris v. Jackson, 338 S.W.2d 280, 283 (Tex.Civ.App.—Houston 1960, no writ). Further, the trial court was the judge of the credibility of the juror as a witness on a motion for new trial on jury misconduct. Texas & Pacific Ry. Co. v. Aaron, 19 S.W.2d 930 (Tex.Civ.App. —Texarkana 1929, writ ref'd). We have carefully considered the case of Becker v. Mollenauer, 234 S.W.2d 690 (Tex.Civ.App. —Waco 1950, no writ) cited by appellant, and we find that it was established that the juror in that case had failed to disregard certain personal experiences not in evidence which were related to him during the deliberations. It does not appear that such case would be authoritative under the fact situation of the instant case. Considering the evidence in the light of the pertinent authorities regarding jury misconduct, we overrule appellant's fourteenth point.

The judgment of the trial court is affirmed.