**352**

John M. DAUGHERTY, Appellant,

v.

TRAVEL INN MOTEL, Appellee.

No. 12020.

Court of Civil Appeals of Texas,
Austin.

April 4, 1973.

Rehearing Denied April 25, 1973.

Russell T. Van Keuren, Baggett, Kirk, Van Keuren & Gordon, Houston, for appellant.

John Morehead, Small, Herring, Craig & Werkenthin, Austin, for appellee.

PHILLIPS, Chief Justice.

Appellant was injured in the lobby of appellee Motel when he walked through a glass door. The jury found no primary negligence against the appellee and found appellant contributorily negligent in that he failed to keep a proper lookout. From an adverse judgment, appellant has perfected his appeal to this Court.

We affirm.

Appellant is before us on a single point of error, which we overrule, complaining of the trial court in excluding from evidence a portion of the Building Code of the City of Austin. The part of the Building Code in question requires certain safeguards with respect to glass doors in public places. Appellant maintains that either the ordinance is applicable to the door in question consequently admissible; or, the ordinance should have been admitted into evidence to show a standard of care.

We hold that the exclusion of the evidence, if error, was harmless under Rule 434, Texas Rules of Civil Procedure. The judgment may be sustained by a finding which is entirely independent of the excluded evidence. Benson v. Weaver, 250 S.W.2d 770 (Tex.Civ.App. Austin, 1952, affirmed 152 Tex. 50, 254 S.W.2d 95); Woods v. Woods, 468 S.W.2d 566 (Tex. Civ.App. Amarillo, 1971, writ dismissed).

Appellee assumed the burden of proving appellant contributorily negligent. This he did and prevailed. There is no assignment of error before us going to the adequacy of the evidence upon which this finding rests.

The judgment of the trial court is affirmed.

Affirmed.

SHANNON, J., not sitting.