**Rue L. GOODALE, Appellant,**

v.

**Dana J. GOODALE, Appellee.**

**No. 16053.**

Court of Civil Appeals of Texas, Houston (1st Dist.).

May 17, 1973.

Second Motion for Rehearing Denied July 19, 1973.

Fred Parks, Robert E. Hudson, Houston, Jeffrey H. Hubbard, Houston, of counsel, for appellant.

Michael K. Swan, Houston, Reynolds, White, Allen & Cook, Houston, of counsel, for appellee.

## ON MOTION FOR REHEARING

EVANS, Justice.

This action was brought by appellant in May, 1972, for change of custody of two minor children awarded to appellee, their mother, by divorce decree entered in January, 1970. In our original opinion we affirmed the trial court's judgment, denying change of custody. We remain of the opinion the trial court's judgment must be affirmed but after consideration of appellant's motion for rehearing, we have determined to substitute this opinion for our original.

In six points of error, appellant asserts that the trial court, in a non-jury trial, abused its discretion in rendering judgment for appellee at the conclusion of appellant's case and in refusing to find as a matter of law a material and detrimental change of conditions requiring a change of custody; that the trial court further committed reversible error in refusing to require testimony of one of the minor children whom appellant had subpoenaed.

We recognize that in determining the propriety of a judgment rendered for

the defendant at the conclusion of the plaintiff's case in a non-jury trial the same standard should be used as would be applicable to a motion for instructed verdict in a jury case. At this point in the case the trial court had before it the question of whether the plaintiff had offered competent evidence in support of his contention that there had been a material change of condition subsequent to the 1970 divorce decree which was detrimental to the best interest and welfare of the two minor children, and upon which evidence and the inferences reasonably to be drawn therefrom, reasonable men might reach differing conclusions. From the record before us we hold that the trial court properly decided that the evidence offered by the plaintiff did not meet this test.

■ In reviewing the record we have accepted as true all evidence, which, when liberally construed in appellant's favor, tends to support his contention and have indulged every intendment in his favor and against the judgment and have discarded all contradictory evidence favorable to appellee. Anglin v. Cisco Mortgage Loan Company, 135 Tex. 188, 141 S.W.2d 935 (1940); Rhinetubes, Inc. v. Norddeutscher Lloyd, 335 S.W.2d 269 (Tex.Civ.App., Houston 1960, writ ref'd n.r.e.); McDonald, Texas Civil Practice, Revised 1970, Vol. 3, Section 11.28.2, p. 235.

The record shows that subsequent to the divorce decree entered in January, 1970, appellee's daughter Karen married and moved away from home. In December, 1971, the oldest son Daniel became 18 years of age and he then moved away from home and at the time of hearing was employed by his father, the appellant, and lived in an apartment building in which appellant had some interest. The remaining two boys, Drue then 11 years old and Benjamin 5 years old, continued to reside with their mother, the appellee, and it was their custody which appellant sought to obtain in this suit. In May, 1972, several weeks prior to the filing of this action, Daniel,

the oldest son, was involved with some other youths in an automobile accident. By reason of information obtained by appellant as a result of such accident and through his later search of Daniel's apartment, appellant came to the conclusion that his son Daniel was using marijuana and perhaps other drugs. Appellant's principal contention is that during the time Daniel lived with appellee she knew that he was using marijuana and neglected to take active measures which, in the judgment of appellant, she should have taken to discourage and prevent its further use. Appellant complains that appellee failed to inform or seek assistance from appellant, the clergy or the authorities (of her son's use of marijuana) and that her actions in merely remonstrating with her son and forbidding his further use of marijuana demonstrate a complete lack of discipline and loss of parental control, raising an issue not only as to her fitness to be the custodial parent of Daniel, but also of her two younger sons, Drue and Benjamin.

■ We assume as an established fact appellant's contention that appellee had actual knowledge that her son Daniel used marijuana while he lived with her although the record is somewhat indefinite as to the time such knowledge was first acquired. In our opinion, such fact and the evidence of appellee's reaction thereto do not constitute evidence which would raise a factual issue as to a material change of condition as to appellee's fitness to be the custodial parent of her two younger sons, Drue and Benjamin. The 1970 divorce decree is res judicata of appellee's fitness to be the custodial parent. Once custody has been established by judicial determination, the trial court should not permit, and we may not require, a disturbance of the status quo except upon a showing of materially changed conditions detrimental to the best interest and welfare of the child. Mumma v. Aguirre, 364 S.W.2d 220 (Tex.Sup. 1963). While it is conceivable that reasonable men might differ as to the propriety of appellee's actions with respect to her

oldest son Daniel (who it must be remembered no longer lived with appellee), we do not believe this can be said to be evidence of appellee's unfitness to be the custodial parent of her two younger sons who remained with her. An issue precluding motion for instructed verdict is not raised by adding inference upon inference. McDonald, Texas Civil Practice, Section 11.-28.3, pp. 240–242; Briones v. Levine's Department Store, Inc., 446 S.W.2d 7 (Tex. Sup.1969).

As expressed in our original opinion we can understand appellant's dismay upon learning of his elder son's involvement and his desire to avoid similar involvement upon the part of his two younger sons. However, the record does not reflect that appellee encouraged or in any manner contributed toward her older son's use of marijuana and on the contrary it is undisputed that she tried to discourage its further use. Most importantly, there is absolutely no evidence that the use of marijuana by the oldest son Daniel had any detrimental or adverse effect upon the welfare of the younger sons, Drue or Benjamin, or that Daniel had any contact with or exerted any influence whatsoever upon his younger brothers. Accordingly, we are unable to say from the record before us that the trial court erred in its determination that there was no evidence of a material and detrimental change of condition, and for the reasons stated we believe the trial court was justified in granting appellee's motion for judgment. As stated in Heiskell v. Heiskell, 412 S.W.2d 774 (Tex.Civ.App., Amarillo 1967, n.w.h.), at page 776:

"Nothing is more firmly established in our law than that the paramount question to be decided in custody matters is the best interest of the child and any right of a parent must yield to such welfare and best interest. Quarles v. Quarles, 386 S.W.2d 337 (Tex.Civ.App. —Dallas 1965, no writ) and the many cases there cited. But if there is no evidence to support a finding by the jury that the custody should be changed then the judge has the right to take the matter from the jury and render judgment. Rule 301, Texas Rules of Civil Procedure; Welch v. Welch, 369 S.W.2d 434 (Tex.Civ.App.—Dallas 1963, no writ).

". . .

"Where a court has decreed custody to one parent, such parent may not be deprived of the custody for any supposed unfitness unless it be shown that he or she is so unfit as to endanger the child's welfare. A custody proceeding is not one to discipline one parent for such parent's shortcomings as an individual, nor to reward the other for any wrong suffered therefrom. Before a decree awarding custody may be vacated and the child's life unsettled, the evidence must be clear and convincing that the child's welfare and best interest will be directly promoted by a change."

Appellant had the burden of proving a material and detrimental change of conditions injurious to the welfare of the children and which required a change of their custody. Fatheree v. Eddleman, 363 S.W.2d 784 (Tex.Civ.App., Amarillo 1962, n.w.h.). At the close of appellant's case the trial court had the duty to judge whether the evidence presented an issue which required hearing of further testimony. On the record, we hold it was justified in determining that appellant had not met his burden of proof and in denying change of custody. South Texas Water Company v. Bieri, 247 S.W.2d 268 (Tex. Civ.App., Galveston 1952, ref'd n.r.e.); McDonald, Texas Civil Practice, Sec. 11.-28.2, p. 237; Heiskell v. Heiskell, supra.

We next come to appellant's contention that the trial court committed reversible error in refusing to require the testimony of Drue Goodale, one of the minor sons, whom appellant had subpoenaed to testify. In support of his argument appellant cites Callicott v. Callicott, 364 S. W.2d 455 (Tex.Civ.App., Houston, 1st Dist.1963, ref'd n.r.e.), wherein the trial

court refused to permit the child to testify and denied the appellant the right to show by a bill of exception the child's qualification to testify and the nature of his testimony. We believe the Callicott case is distinguishable from the case at hand in that here the trial court was specifically advised by appellant of the testimony which the child would give if called as a witness, i.e., his preference to reside with appellant and that appellee did have knowledge of the use of marijuana by her older son Daniel. While the preference of a child is an element to be weighed by the trial court, it is merely one element to be considered, Fontaine v. Fontaine, 325 S.W.2d 428 (Tex.Civ.App., Dallas 1959, n.w.h.), and the trial court was not required to consider such preference as controlling. Lewis v. Cushing, 444 S.W.2d 815 (Tex. Civ.App., Beaumont 1969, n.w.h.). We have already assumed as an established fact appellee's knowledge of the older son, Daniel's, use of marijuana and we are of the opinion that the testimony of the younger son, Drue Goodale, would not under the record have required the trial court to order a change of custody. In his motion for rehearing appellant argues that Drue Goodale's testimony would not necessarily have been confined to the two points indicated but in view of appellant's statement to the trial court of the specific points of such offered testimony and in the absence of a bill of exception showing other points, we cannot speculate as to what the additional testimony might have covered. The trial court was justified in relying upon appellant's statements which indicated that the offered testimony was merely cumulative of testimony earlier given. If the trial court erred in excluding the offered testimony, we hold that such error, if any, did not constitute reversible error. Otto v. Otto, 438 S.W.2d 587 (Tex.Civ. App., San Antonio 1969, n.w.h.).

Appellant's motion for rehearing is overruled and the judgment of the trial court is affirmed.