**Alicia Alvara BRINKMAN, Appellant,**

v.

**Samuel David BRINKMAN, Appellee.**

**No. 1629.**

Court of Civil Appeals of Texas, Houston (14th Dist.).

Nov. 16, 1977.

Rehearing Denied Dec. 7, 1977.

James M. York, Houston, for appellant.

J. Roger Chism, Gallman, Bakke & Chism, Houston, for appellee.

COULSON, Justice.

This is an appeal from a judgment granting a divorce to Samuel David Brinkman and Alicia Alvara Brinkman, and appointing Mr. Brinkman managing conservator of the couple's infant child. Mrs. Brinkman brings three points of error attacking that appointment. We affirm.

In her first point of error Mrs. Brinkman asserts that there is no evidence to support the jury's finding that it would be in the best interests of the child to appoint Mr. Brinkman as managing conservator. This point, as urged, does not argue that there was no evidence that Mr. Brinkman was a fit parent or that he would care for and love the child, but instead that the evidence offered to discredit Mrs. Brinkman wholly failed since it related solely to a period ten months before the trial and did not bear on her present ability to care for the child.

The purpose of a conservatorship proceeding is to determine which of the contesting persons is most able to fulfill the best interests of the child. The proceeding should not be, although it often is, a vehicle for vengeance, recrimination, and reproach. Mr. Brinkman's burden in this case was to ingratiate himself, to prove that he was more able to care for the child. It was not his burden to discredit his former wife or to prove that she was less able to care for the child. Obviously evidence of a person's shortcomings and deficiencies is relevant to the issue of conservatorship and it is unlikely that a trial could be held in which these were not brought out, but there was no requirement that Mr. Brinkman discredit Mrs. Brinkman.

We hold that there was evidence that the best interests of the child would be served by appointing Mr. Brinkman as managing conservator; several witnesses testified to the effect that he was a better parent and took better care of the child.

Point of error one is overruled.

In her second point of error, Mrs. Brinkman attacks the admission of sixteen photographs into evidence, arguing that they were not properly proven or sponsored. Specifically, she argues that they were admitted under the sponsorship of Mr. Brinkman, an interested witness. We are aware of no requirement that photographs must be sponsored by a disinterested witness, nor has any authority for that proposition been cited to us. Instead, the rule is that the admission of photographs is a matter for trial court discretion. *Texas Employers Ins. Ass'n v. Agan,* 252 S.W.2d 743 (Tex.Civ. App.—Eastland 1952, writ ref'd). We find no abuse of that discretion here.

Point of error two is overruled.

In her final point of error, Mrs. Brinkman attacks the trial court's refusal to instruct the jury that a witness was not an expert. This point is also overruled, since we find that any possible prejudice was immediately cured by the witness's own statement that he was not an expert.

Affirmed.