In The


Court of Appeals


Sixth Appellate District of Texas at Texarkana



______________________________



No. 06-08-00012-CV


______________________________




IN THE MATTER OF THE MARRIAGE OF


SPENCER ELLIS AND ESBEIDA ELLIS AND


IN THE INTEREST OF SPENCER ELLIS, JR.


AND SOLEIDA ELLIS, CHILDREN



 


On Appeal from the 71st Judicial District Court


Harrison County, Texas


Trial Court No. 07-0134




 




Before Morriss, C.J., Carter and Moseley, JJ.


Memorandum Opinion by Justice Moseley



MEMORANDUM OPINION



 Spencer Ellis attempts to bring this appeal from the final decree in his action for divorce from
Esbeida Ellis; the complained-of decree also constitutes a final judgment in a suit affecting the
parent-child relationship concerning the couple's two young children. 

 Spencer initiated the divorce and served Esbeida by publication; Esbeida failed to respond
and the trial court signed a default judgment on May 3, 2007. On May 22, 2007, Esbeida filed a
motion for new trial, alleging that (a) she had not received actual notice after publication, (b) she had
a meritorious defense, and (c) a new trial would not prejudice Spencer's case. The trial court granted
a new trial on May 31, 2007. After a new trial on the merits, the trial court signed a final decree
which dissolved the couple's marriage; the decree contained a standard possession order and
appointed Spencer and Esbeida as joint managing conservators of the minor children with Esbeida
being the conservator having the right to designate the primary residence. Spencer argues on appeal
that the trial court erred in granting Esbeida's motion for new trial and erred further in granting her
the right to designate the primary residence of the children. 

GRANT OF NEW TRIAL

 Spencer argues that Esbeida failed to prove she was entitled to a new trial. Spencer claims,
because Esbeida was properly served by publication, the trial court was required to find that the
interest of the children had not been fully protected in the original decree or that the original custody
order would have a serious adverse effect on the children. 

 Esbeida's motion for new trial was brought in a timely manner and the order granting that
new trial was entered within the plenary period of the trial court. See Tex. R. Civ. P. 329. 

 "Except in very limited circumstances, an order granting a motion for new trial rendered
within the period of the trial court's plenary power is not reviewable on appeal." Wilkins v.
Methodist Health Care Sys., 160 S.W.3d 559, 563 (Tex. 2005). Those limited circumstances have
been identified by the Texas Supreme Court in two prior situations: when the trial court's order was
wholly void, and where the trial court specified in the written order that the sole ground for granting
the motion was that the jury's answers to special issues were irreconcilably conflicting. Id. 

 Courts should exercise liberality in favor of a defaulted party having a day in court in passing
on a motion for new trial. Harlen v. Pfeffer, 693 S.W.2d 543, 545 (Tex. App.--San Antonio 1985,
no writ); W. Union Telegraph Co. v. McGinnis, 508 S.W.2d 147 (Tex. Civ. App.--San Antonio
1974, no writ). This liberal attitude toward new trials is particularly true in suits affecting the
parent-child relationship because the extremely important decision of a trial court to change a
managing conservatorship should not be made casually based on the procedural advantage of one
of the parties. Sexton v. Sexton, 737 S.W.2d 131, 133 (Tex. App.--San Antonio 1987, no writ). (1) 

 The order granting a new trial was neither a void order nor was it one which (on its face) was
based upon erroneous legal conclusions. Accordingly, we have no jurisdiction to entertain an appeal
of the order granting a new trial.

CHANGE IN PRIMARY CUSTODY

 In his remaining issue, Spencer argues the trial court erred in awarding custody to Esbeida. 
According to Spencer, the trial court's action was arbitrary and violates the public policy of Texas
in promoting a secure, stable, and long-term home environment. Spencer claims that removing the
children, ages six and three, from "a stable home environment which they have enjoyed since birth,
without any evidence to support a change in custody, clearly violates longstanding precedent and is
an abuse of discretion on the part of the trial court."

 A trial court deciding child custody has broad discretion. Pena v. Pena, 8 S.W.3d 639 (Tex.
1999). We review child custody orders under an abuse-of-discretion standard. In re T.J.S., 71
S.W.3d 452, 458 (Tex. App.--Waco 2002, pet. denied). An abuse of discretion occurs when the trial
court acts "without reference to any guiding rules and principles" or arbitrarily and unreasonably. 
City of San Benito v. Rio Grande Valley Gas Co., 109 S.W.3d 750, 757 (Tex. 2003). We view the
evidence in the light most favorable to the trial court's decision and indulge every legal presumption
in favor of its judgment. Holley v. Holley, 864 S.W.2d 703, 706 (Tex. App.--Houston [1st Dist.]
1993, writ denied).

 Spencer cites Quarles v. Quarles, 386 S.W.2d 337, 339 (Tex. Civ. App.--Dallas 1965), writ
dism'd w.o.j., 388 S.W.2d 926 (Tex. 1965), and Brinkman v. Brinkman, 558 S.W.2d 125, 127 (Tex.
Civ. App.--Houston [14th Dist.] 1977, writ dism'd), for the proposition that it was Esbeida's burden
to show it was in the best interest of the children for custody to be changed. We would like to
emphasize that this is not a modification of a prior custody order. Spencer had been awarded
custody pursuant to a temporary order and, therefore, Esbeida did not have to meet the requirements
for modification under the Texas Family Code. See Tex. Fam. Code Ann. § 156.101 (Vernon Supp.
2008). 

 The Texas Family Code provides that the "best interest of the child shall always be the
primary consideration of the court . . . ." Tex. Fam. Code Ann. § 153.002 (Vernon 2002). There
is some evidence that awarding the right to designate the children's primary residence (and, in doing
so, also awarding most of the time of possession of the children) to Esbeida is in the best interests
of the children. Esbeida is employed, has an apartment in Dallas, and testified she is able to take
care of the children. Esbeida testified that during their marriage, Spencer would sometimes leave
her alone with the children for days with neither funds nor transportation. Esbeida also testified that
Spencer had physically abused her and that after the couple had separated, Spencer would
occasionally refuse her access to the children. However, Esbeida acknowledged that Spencer has
been "excellent with the kids," that she was not concerned that Spencer's volatile temper might be
directed toward the children, and that Spencer provided a good home for the children. The trial
court's ruling was within the range of reasonable disagreement and was not arbitrary or capricious. 
As such, the ruling was not an abuse of discretion.

 The trial court's actions do not violate long-standing precedent. We note the trial court stated,
"Mr. Ellis has had the children for a year, so now I think it is time that Mrs. Ellis have her children
for a year . . . ." Spencer argues the trial court's oral statement is a violation of Texas public policy
favoring secure, stable, long-term, continuous custody arrangements. Texas has expressed a public
policy "to provide a safe, stable, and nonviolent environment for the child." In re J.F.C., 96 S.W.3d
256, 304 (Tex. 2002) (Schneider, J., dissenting); In re T.D.C., 91 S.W.3d 865, 870 (Tex. App.--Fort
Worth 2002, pet. denied). However, we do not believe that the trial court violated this policy.

 The order in this case does not violate the policy against unstable custody arrangements. 
When asked by Spencer's attorney if custody would automatically change in a year or if the order was
permanent, the trial court stated Spencer could file a motion to modify. (2) This response indicates that
the trial court was awarding permanent custody to Esbeida. The statement that "it is time that
Mrs. Ellis have her children for a year," while potentially misleading, was merely a rather awkward
transition into the trial court's ruling on custody. Further, the written final order does not limit the
custody arrangement to one year. In civil cases, a written order controls over a trial court's oral
pronouncement. In re K.M.B., 148 S.W.3d 618, 622 (Tex. App.--Houston [14th Dist.] 2004, no
pet.). The written final order awards the primary custody of the children to Esbeida without any time
restraints. While the trial court's statement may have been inartful, it does not constitute error. 

 The trial court did not abuse its discretion in finding that permitting Esbeida to designate the
children's primary residence would be in the best interests of the children. Therefore, Spencer's
second issue is overruled.

 We affirm the judgment of the trial court.




 Bailey C. Moseley

 Justice


Date Submitted: July 22, 2008

Date Decided: August 19, 2008



1. We further note that there was neither an attorney ad litem appointed to represent Esbeida
after she failed to respond to a citation by publication nor was there a written statement of the
evidence signed by the judge and filed with the clerk; both of these are required by Rule 244. See
Tex. R. Civ. P. 244. This Court has held the failure to strictly comply with both of the requirements
of Rule 244 is reversible error. Montgomery v. R.E.C. Interests, Inc., 130 S.W.3d 444, 447 (Tex.
App.--Texarkana 2004, no pet.). 
2. We note that Spencer would still be required to comply with Section 156.101 of the Texas
Family Code in seeking to modify the custody of the children. Tex. Fam. Code Ann. § 156.101.