In The


Court of Appeals


Sixth Appellate District of Texas at Texarkana



______________________________



No. 06-08-00131-CR


______________________________




MICHAEL CHARLES FULLER, Appellant



V.



THE STATE OF TEXAS, Appellee




 


On Appeal from the 6th Judicial District Court


Lamar County, Texas


Trial Court No. 18771




 




Before Morriss, C.J., Carter and Moseley, JJ.


Memorandum Opinion by Justice Carter



MEMORANDUM OPINION



 Michael Charles Fuller appeals from his convictions by a jury of indecency with a child by
contact (count one), indecency with a child by exposure (count two), and sexual assault of a child
(count three). See Tex. Penal Code Ann. § 21.11 (Vernon 2003), § 22.011 (Vernon Supp. 2008). 
The jury assessed his punishment at fifteen years' imprisonment on count one, five years'
imprisonment on count two (to run consecutive to the sentence in count one), and fifteen years'
imprisonment on count three (to run concurrently with the sentences in counts one and two). Fuller
was represented by appointed counsel at trial and on appeal. Fuller's attorney has filed a brief in
which he concludes that the appeal is frivolous and without merit, after a review of the record and
the related law.

 Counsel states that he has studied the record and finds no error preserved for appeal that
could be successfully argued. The brief contains a professional evaluation of the record and
advances nine arguable grounds for review. This meets the requirements of Anders v. California,
386 U.S. 738 (1967); Stafford v. State, 813 S.W.2d 503 (Tex. Crim. App. 1991); and High v. State,
573 S.W.2d 807 (Tex. Crim. App. [Panel Op.] 1978).

 Counsel mailed a copy of the brief to Fuller on January 15, 2009, informing Fuller of his right
to examine the entire appellate record and to file a pro se response. Counsel simultaneously filed
a motion with this Court seeking to withdraw as counsel in this appeal. Fuller filed his response on
May 13, 2009.

 We have determined that this appeal is wholly frivolous. We have independently reviewed
the clerk's record and the reporter's record, and we agree that no arguable issues support an appeal. 
See Bledsoe v. State, 178 S.W.3d 824, 826-27 (Tex. Crim. App. 2005).

 We affirm the judgment of the trial court. (1)




 Jack Carter

 Justice


Date Submitted: June 3, 2009

Date Decided: June 4, 2009


Do Not Publish
1. Since we agree this case presents no reversible error, we also, in accordance with Anders,
grant counsel's request to withdraw from further representation of Fuller in this case. No substitute
counsel will be appointed. Should Fuller wish to seek further review of this case by the Texas Court
of Criminal Appeals, Fuller must either retain an attorney to file a petition for discretionary review
or Fuller must file a pro se petition for discretionary review. Any petition for discretionary review
must be filed within thirty days from the date of either this opinion or the last timely motion for
rehearing that was overruled by this Court. See Tex. R. App. P. 68.2. Any petition for discretionary
review must be filed with this Court, after which it will be forwarded to the Texas Court of Criminal
Appeals along with the rest of the filings in this case. See Tex. R. App. P. 68.3. Any petition for
discretionary review should comply with the requirements of Rule 68.4 of the Texas Rules of
Appellate Procedure. See Tex. R. App. P. 68.4.



TODY

 In his remaining issue, Spencer argues the trial court erred in awarding custody to Esbeida. 
According to Spencer, the trial court's action was arbitrary and violates the public policy of Texas
in promoting a secure, stable, and long-term home environment. Spencer claims that removing the
children, ages six and three, from "a stable home environment which they have enjoyed since birth,
without any evidence to support a change in custody, clearly violates longstanding precedent and is
an abuse of discretion on the part of the trial court."

 A trial court deciding child custody has broad discretion. Pena v. Pena, 8 S.W.3d 639 (Tex.
1999). We review child custody orders under an abuse-of-discretion standard. In re T.J.S., 71
S.W.3d 452, 458 (Tex. App.--Waco 2002, pet. denied). An abuse of discretion occurs when the trial
court acts "without reference to any guiding rules and principles" or arbitrarily and unreasonably. 
City of San Benito v. Rio Grande Valley Gas Co., 109 S.W.3d 750, 757 (Tex. 2003). We view the
evidence in the light most favorable to the trial court's decision and indulge every legal presumption
in favor of its judgment. Holley v. Holley, 864 S.W.2d 703, 706 (Tex. App.--Houston [1st Dist.]
1993, writ denied).

 Spencer cites Quarles v. Quarles, 386 S.W.2d 337, 339 (Tex. Civ. App.--Dallas 1965), writ
dism'd w.o.j., 388 S.W.2d 926 (Tex. 1965), and Brinkman v. Brinkman, 558 S.W.2d 125, 127 (Tex.
Civ. App.--Houston [14th Dist.] 1977, writ dism'd), for the proposition that it was Esbeida's burden
to show it was in the best interest of the children for custody to be changed. We would like to
emphasize that this is not a modification of a prior custody order. Spencer had been awarded
custody pursuant to a temporary order and, therefore, Esbeida did not have to meet the requirements
for modification under the Texas Family Code. See Tex. Fam. Code Ann. § 156.101 (Vernon Supp.
2008). 

 The Texas Family Code provides that the "best interest of the child shall always be the
primary consideration of the court . . . ." Tex. Fam. Code Ann. § 153.002 (Vernon 2002). There
is some evidence that awarding the right to designate the children's primary residence (and, in doing
so, also awarding most of the time of possession of the children) to Esbeida is in the best interests
of the children. Esbeida is employed, has an apartment in Dallas, and testified she is able to take
care of the children. Esbeida testified that during their marriage, Spencer would sometimes leave
her alone with the children for days with neither funds nor transportation. Esbeida also testified that
Spencer had physically abused her and that after the couple had separated, Spencer would
occasionally refuse her access to the children. However, Esbeida acknowledged that Spencer has
been "excellent with the kids," that she was not concerned that Spencer's volatile temper might be
directed toward the children, and that Spencer provided a good home for the children. The trial
court's ruling was within the range of reasonable disagreement and was not arbitrary or capricious. 
As such, the ruling was not an abuse of discretion.

 The trial court's actions do not violate long-standing precedent. We note the trial court stated,
"Mr. Ellis has had the children for a year, so now I think it is time that Mrs. Ellis have her children
for a year . . . ." Spencer argues the trial court's oral statement is a violation of Texas public policy
favoring secure, stable, long-term, continuous custody arrangements. Texas has expressed a public
policy "to provide a safe, stable, and nonviolent environment for the child." In re J.F.C., 96 S.W.3d
256, 304 (Tex. 2002) (Schneider, J., dissenting); In re T.D.C., 91 S.W.3d 865, 870 (Tex. App.--Fort
Worth 2002, pet. denied). However, we do not believe that the trial court violated this policy.

 The order in this case does not violate the policy against unstable custody arrangements. 
When asked by Spencer's attorney if custody would automatically change in a year or if the order was
permanent, the trial court stated Spencer could file a motion to modify. (2) This response indicates that
the trial court was awarding permanent custody to Esbeida. The statement that "it is time that
Mrs. Ellis have her children for a year," while potentially misleading, was merely a rather awkward
transition into the trial court's ruling on custody. Further, the written final order does not limit the
custody arrangement to one year. In civil cases, a written order controls over a trial court's oral
pronouncement. In re K.M.B., 148 S.W.3d 618, 622 (Tex. App.--Houston [14th Dist.] 2004, no
pet.). The written final order awards the primary custody of the children to Esbeida without any time
restraints. While the trial court's statement may have been inartful, it does not constitute error. 

 The trial court did not abuse its discretion in finding that permitting Esbeida to designate the
children's primary residence would be in the best interests of the children. Therefore, Spencer's
second issue is overruled.

 We affirm the judgment of the trial court.




 Bailey C. Moseley

 Justice


Date Submitted: July 22, 2008

Date Decided: August 19, 2008



1. We further note that there was neither an attorney ad litem appointed to represent Esbeida
after she failed to respond to a citation by publication nor was there a written statement of the
evidence signed by the judge and filed with the clerk; both of these are required by Rule 244. See
Tex. R. Civ. P. 244. This Court has held the failure to strictly comply with both of the requirements
of Rule 244 is reversible error. Montgomery v. R.E.C. Interests, Inc., 130 S.W.3d 444, 447 (Tex.
App.--Texarkana 2004, no pet.). 
2. We note that Spencer would still be required to comply with Section 156.101 of the Texas
Family Code in seeking to modify the custody of the children. Tex. Fam. Code Ann. § 156.101.